**Larry James GAMBLE, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14445.**

Court of Criminal Appeals of Oklahoma.

Sept. 4, 1968.

Jay D. Dalton, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Jerry H. Holland and W. Howard O'Bryan, Jr., Asst. Attys. Gen., for defendant in error.

BUSSEY, Judge:

Larry James Gamble, hereinafter referred to as defendant, was charged by Information in the District Court of Tulsa County with the crime of Knowingly Concealing Stolen Property After Former Conviction of a Felony, on the 30th day of January, 1967. On February 21, 1967, defendant en-

tered a plea of Not Guilty and the case was set for trial on the April jury docket. On the 10th day of April, 1967, defendant appeared in court, with counsel, when the following proceedings occurred:

"THE COURT: Now, you understand that your lawyer, who is representing you, has withdrawn your plea of 'not guilty' heretofore entered, and at this time enters a plea of guilty for you?

DEFENDANT: Yes, sir.

THE COURT: Is that—is that what you want to do?

DEFENDANT: Yes, sir.

THE COURT: Now, you have not been threatened, or promised anything, to induce you to do this, but you are doing it of your own free will and accord?

DEFENDANT: Yes, sir.

THE COURT: You feel, do you, that under the circumstances you are guilty, and you feel that the best thing for you is to enter a plea of guilty—is that right?

DEFENDANT: Yes.

THE COURT: And you want the Court to accept this plea at this time?

DEFENDANT: Yes, sir.

THE COURT: Has he plead in all three cases?

MR. WILLIAMS: No, sir, I would ask the Court, respectfully, to dismiss, for lack of evidence, the State versus Larry James Gambell, No. 22542, Petty Larceny, after former.

THE COURT: All right. What else?

MR. WILLIAMS: Now, in cases 22429 and 22548 it is my understanding that he desires to enter a plea of guilty to both of those cases.

THE COURT: Do you understand that you are entering a plea of guilty to each of these two cases, and one case is being dismissed?

DEFENDANT: Yes, sir.

THE COURT: Do you still want to enter a plea of guilty in each case?

DEFENDANT: Yes, sir.

THE COURT: All right, what is the recommendation of the County Attorney?

MR. WILLIAMS: We recommend in the case No. 22429 that he be sentenced to three and one-half years, and that he be given the same sentence in case No. 22548 and that the sentence in the latter case be set to run concurrently with the first case.

THE COURT: All right, upon your plea of guilty in those two cases, on the recommendation of the County Attorney you are sentenced to serve a term of three and one-half years in the Oklahoma State Penitentiary, and the two sentences are to run concurrently.

Anything else?

MR. LANG: Mr. Gamble would like to remain here the statutory ten days, awaiting his transfer to McAlester. He doesn't care to waive—

THE COURT: He wants to waive time?

MR. LANG: No, he doesn't. He wants to remain here for ten days.

THE COURT: Wants to remain here for the ten—all right.

MR. LANG: Sentencing will be at the end of the ten days, Your Honor?

THE COURT: I just sentenced him.

MR. LANG: O. K.—pardon me.

THE COURT: I have already sentence him. It is to your advantage to have a date now, rather than later."

As hereinbefore set out, defendant was sentenced to three and one-half years to run concurrently with case no. 22548. Although the defendant did not seek to withdraw his plea of guilty, he gave notice of intent to appeal to this Court and a timely appeal has been perfected.

On appeal he seeks to raise two questions. He first alleges that his constitutional rights were violated when he was held from Friday night to Monday morning before being taken before a magistrate, and that the confession taken from him was taken in violation of his constitutional and statutory rights. He secondly contends that certain evidence tending to incriminate him

was obtained as a result of an illegal search and seizure. We do not believe that either of these contentions is properly before the Court at this time, for it affirmatively appears that the defendant freely and voluntarily entered a plea of guilty with full knowledge of the nature and consequences of such plea. We cannot presume that had he elected to proceed to trial, the trial court would have erroneously admitted a tainted confession or evidence obtained through an illegal search and seizure. The scope of our review on appeal from a judgment and sentence rendered on a plea of guilty, where the defendant has not sought to withdraw his plea of guilty, is limited to the issue of whether the trial court had jurisdiction of the person, subject matter, and authority under law to pronounce the judgment and sentence imposed. Upon the record before us we are of the opinion that the trial court had the jurisdiction of the person, subject matter, and authority under law to pronounce the judgment and sentence imposed, and that the judgment and sentence rendered in District Court Case No. 22429 should be, and the same is hereby, affirmed.

NIX, P. J., and BRETT, J., concur.