Frank E. MINISTER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14749.

Court of Criminal Appeals of Oklahoma.

April 9, 1969.

Delbert Brock, McAlester, for plaintiff in error.

G. T. Blankenship, Atty. Gen., H. L. McConnell, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Frank E. Minister, hereinafter referred to as defendant, was charged in the District Court of Pittsburg County with the crime of Murder. The trial commenced on said charge on the 7th day of February, 1968, and at the conclusion of the evidence, the court's instructions, and arguments of counsel, and while the jury was deliberating, the defendant appeared in open court with his attorney, and withdrew his plea of not guilty previously entered, and entered a plea of guilty to the included offense of Manslaughter in the First Degree. Prior to accepting said plea, the Honorable Robert Bell, Trial Judge, carefully and meticulously advised the defendant of the nature and consequence of said plea, and only after the defendant acknowledged that he knew the nature and consequence of said plea, acknowledged that he had discussed the entry of said plea with his attorney, and acknowledged his guilt to the included offense of Manslaughter in the First Degree, did the Judge accept his plea of guilty to the offense of Manslaughter in the First Degree, whereupon, the trial judge advised said defendant of his right to delay the pronouncement of judgment and sentence and the defendant affirmatively waived the same. The defendant was also advised of his right to appeal from the judgment and sentence rendered against him and the court thereupon pronounced judgment and sentence against him for the crime of Manslaughter in the First Degree, fixing his punishment at 25 years imprisonment in the State Penitentiary at McAlester.

Thereafter, the defendant filed a Motion for New Trial which was overruled, and gave notice of his intention to appeal to the Court of Criminal Appeals and requested case made and the appointment of counsel at public expense, which was granted by the court. At no time did the defendant ever seek to withdraw his plea of guilty in the trial court.

On appeal the defendant does not seek to attack the jurisdiction of the trial court, but rather seeks a review of the pretrial rulings of the trial court on various motions of the defendant and a review of the court's rulings to objections interposed to the admission of certain evidence introduced during the jury trial, and a review of the trial court's rulings on certain portions of the closing argument of the prosecution during the state's summation before the jury.

■ Although it is urged by the defendant that his plea of guilty was entered after the jury was "hung," such is not supported by the record, for it affirmatively appears that the jury was still deliberating when the plea of guilty to the included offense of Manslaughter in the First Degree was freely and voluntarily entered by the defendant with full knowledge of the nature and consequence of such plea, after he had consulted with and received the advice of counsel, who had represented him prior to and during the trial, which was terminated by his plea of guilty. The situation here presented falls within the rule enunciated in Gamble v. State, Okl.Cr., 444 P.2d 851, wherein this Court stated:

"The scope of our review on appeal from a judgment and sentence rendered on a plea of guilty, where the defendant has not sought to withdraw his plea of guilty, is limitd to the issue of whether the trial court had jurisdiction of the person, subject matter, and authority under law to pronounce the judgment and sentence imposed."

In the instant case, although no challenge is made to the jurisdiction of the trial court, we have nevertheless examined the record and find that the trial court had jurisdiction of the person, subject matter, and au-

thority under law to pronounce the judgment and sentence imposed and we must hold in accordance with Gamble v. State, supra, that this assignment of error is without merit.

It is next contended that the judgment and sentence imposed by the trial court was excessive. We are of the opinion that this assignment of error, likewise, is without merit, for the reason that the punishment for the included offense of Manslaughter in the First Degree could have been any term not less than four years imprisonment and not to exceed life imprisonment. The punishment which was imposed (25 years) was well within the range provided by law.

For all the reasons above set forth we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby,

Affirmed.

BRETT, P. J., and NIX, J., concur.