**Jack R. WOODS, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15349.**

Court of Criminal Appeals of Oklahoma.

Feb. 17, 1971.

Rehearing Denied April 30, 1971.

**1382**

Jack N. Shears, Ponca City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., William Bonnell, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Jack R. Woods, hereinafter referred to as defendant, was charged with two other persons with the offense of Grand Larceny in the District Court of Kay County. The defendant, being represented by counsel, entered a plea of guilty, his punishment was set at four years imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

The record reveals that on the day of the trial, the defendant's attorney asked for a continuance on the basis of an unverified letter from a doctor stating that it would not be advisable for the defendant to undergo the rigors of a lengthy trial or imprisonment. The State objected to the introduction of the letter, which was sustained and the Motion for Continuance denied. The defendant then asked for a severance, which was denied. A jury was called, examined and sworn, at which time, after a recess, the defendant's attorney announced that the defendant desired to plead guilty. The following dialogue occurred:

"MR. WELCH: Your Honor, could the Court inquire as to any promises or inducements?

THE COURT: Yes. Now, Mr. Woods, let me ask you, is this your own free and voluntary act?

MR. WOODS: Yes, sir.

THE COURT: Have you been intimidated or threatened or mistreated in any manner?

MR. WOODS: No, sir.

THE COURT: Have you been satisfied with the services that your attorney, Mr. Geb, has given you?

MR. WOODS: Yes, Your Honor.

THE COURT: And you're pleading guilty because you are guilty?

MR. WOODS: Yes, sir, I am guilty."

The defendant alleges that the trial court erred in denying the Motions for Continuance and Severance and the plea of guilty does not eradicate the effect of refusing the basic right. We note that the record reflects that the defendant did not seek to withdraw his plea of guilty. This Court has previously held, in the case of Gamble v. State, Okl.Cr., 444 P.2d 851, that:

"The scope of our review on appeal from a judgment and sentence rendered on a plea of guilty, where the defendant has not sought to withdraw his plea of guilty, is limited to the issue of whether the trial court had jurisdiction of the person, subject matter, and authority under law to pronounce the judgment and sentence."

We are of the opinion that the trial court, in the instant case, did, in fact, have jurisdiction of the person, subject matter and authority to pronounce the judgment and sentence. The record reflects that the defendant was represented by counsel, that the plea was voluntarily entered and that the defendant was, in fact, guilty. The judgment and sentence is accordingly affirmed.

BRETT and NIX, JJ., concur.