Jeanetta **BOLDEN**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–16131.

Court of Criminal Appeals of Oklahoma.

Sept. 14, 1971.

Thomas A. Wallace, Sapulpa, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

## OPINION

BRETT, Judge.

Plaintiff in Error, Jeanetta Bolden, a minor female child, fifteen years of age, hereinafter referred to as defendant, was convicted in the District Court of Creek County, Oklahoma, for the offense of First Degree Manslaughter, on a plea of guilty. She was sentenced to serve twenty (20) years confinement in the State Penitentiary, in Case No. CRF–70–10.

After her apprehension, by proper petition, defendant was referred to the Juvenile Division of the District Court on February 2, 1970. The Petition alleged that she had committed a course of conduct, which acts if proven would constitute a violation of law if committed by an adult; and premised upon such request, the Juvenile Division, on the following day appointed Mr. Thomas A. Wallace as guardian ad litem for defendant. On February 3, 1970, a hearing was had at which the guardian ad litem appeared in behalf of defendant, along with defendant's father, Mr. L. B. Bolden, and an attorney of his employ, Mr. Henry W. Floyd. The Juvenile Court ordered that defendant be placed in the Detention Home of Tulsa County, Oklahoma, for the purpose of examination to determine and render professional judgment with reference to defendant's mental age in relation to her chronological age; to determine whether or not defendant knows the rightfulness from wrongfulness of her acts, her maturity in the same respect; and her ability to assist her attorney in her defense if she should be charged as an adult for the acts committed. Those evaluations were accomplished at the St. Francis Hospital in Tulsa, Oklahoma, by Paul C. Benton, M.D., and his staff, who are specialists in that field.

On February 17, 1970, after receiving the medical evaluation a proper hearing was had at which defendant was present with her guardian ad litem, Mr. Thomas A. Wallace and her father, Mr. L. B. Bolden, also being present. The court entered findings that defendant was born August 12, 1954, and that she had previously been adjudged a delinquent child at Hobart, Oklahoma; and she was again adjudged a delinquent at this hearing. The court certified her as an adult to stand trial for the offense of Murder, as charged in the Information filed by the District Attorney. Thereafter, Mr. Thomas A. Wallace was appointed to serve as defense counsel for defendant.

Defendant was granted a preliminary examination and was bound over to stand trial in the District Court on the charge of Murder. At her arraignment, defendant entered a plea of not guilty and subsequently went to trial.

The Information charged defendant with having caused the death of Reverend H. E. Carbin, the Superintendent of the Della Lewis Children's Home in Creek County, Oklahoma, on January 29, 1970, by shooting him in the head with a shotgun.

The trial of defendant was commenced in the District Court of Creek County, on May 5, 1970. After presenting evidence of fourteen witnesses, the State rested its case; and defendant renewed her Motion

to Dismiss on grounds of double jeopardy, and her Demurrer to the evidence, both of which were denied. Thereupon, out of the presence of the jury, the State moved to amend the Information to include the crime of Manslaughter in the First Degree, which the court allowed. Defense counsel then announced to the court, " * * * she wishes to change her plea, not to the charge of Murder, but that she wishes at this time to enter a plea on the charge of Manslaughter." After the court received an affirmative answer from defendant, concerning her desire to enter a plea of guilty; and that she understood what she was doing, the court accepted her plea of guilty. The court then asked the prosecutor if he had a recommendation for sentence. The District Attorney stated, "In view of her age, in view of her age [sic] and the full facts and circumstances in it known to the District Attorney's office, this State would recommend twenty (20 years in the State Penitentiary." The defendant, under questioning by the court, in view of the recommendation of the District Attorney, stated she still wanted to enter her plea of guilty. When asked by the court, the defense counsel concurred in her decision.

The imposition of Judgment and Sentence was thereupon postponed until May 13, 1971. On that date Judgment and sentence was entered sentencing defendant to serve twenty (20) years in the State Penitentiary.

The facts surrounding the homicide, as gleaned from the record appear to be: that the defendant was a ward of the Della Lewis Children's Home in Creek County, Oklahoma, where the victim Mr. H. E. Carbin was the superintendent; that the defendant had requested of Mr. Carbin to be returned to her home in Oklahoma City, which request Mr. Carbin denied.

According to the testimony of Victor Crawford, Jr., a ten year old boy, who was also a ward of the Della Lewis Children's Home, and was the only witness to the shooting, the defendant entered the Carbin's residence at the children's home and asked if she could return home. After Mr. Carbin refused her request, he laid down on a couch and went to sleep. The defendant then asked young Crawford to get her Mr. Carbin's shotgun. He got it for her, and gave it to her. She went to the superintendent's table, got some shotgun shells from it, loaded the gun and returned to where Mr. Carbin was sleeping. She held the gun about two feet from his head and shot him in the head. After the shooting, defendant rolled the body from the couch to the floor, rifled the pockets, took some money, went to the victim's car outside the house, and drove away still in possession of the shotgun.

Notwithstanding the fact that the question is not raised by defendant, because of the statement of the District Attorney, when he made his recommendation for defendant's sentence, to-wit: "In view of her age and the full facts and circumstances in it known to the District Attorney's Office, * * *" and because of certain remarks entered into the record by the trial judge, it initially appeared to this writer that the sentence imposed upon this fifteen year old girl might be excessive. However, considering the nature of the crime, the manner in which it was done, and the subsequent actions of the defendant, this writer concluded that this Court is bound to allow full credit to the trial court's judgment in the matter. This Court provided in Collins v. State, 96 Okl.Cr. 335, 255 P.2d 292 (1953):

"Question as to whether sentence is excessive must be determined by specific facts and circumstances in particular case."

In the instant case, the trial court possessed the full facts and circumstances, all of which are not contained in the record presented to this Court.

We also observe the decision of this Court in Minister v. State, Okl.Cr., 453 P.2d 323 (1969), wherein it was held:

"Scope of our review on appeal from a judgment and sentence rendered on a plea of guilty, where the defendant has not

sought to withdraw his plea of guilty, is limited to the issue of whether the trial court had jurisdiction of the person, subject matter, and authority under law to pronounce the judgment and sentence imposed." at page 324 of 453 P.2d.

See also: Gamble v. State, Okl.Cr., 444 P.2d 851 (1968).

In the instant case the trial court met all of those requirements. Insofar as no briefs were filed in this appeal, we have carefully examined the transcript of evidence, the record of the preliminary examination, and the original record which included the essential orders entered by the Juvenile Division of the District Court, and finding no error herein we conclude that the Judgment and Sentence in District Court of Creek County, Oklahoma, case No. CRF–70–10, should be affirmed.

It is so ordered.

NIX, J., concurs.