William Lee EDDINS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15340.

Court of Criminal Appeals of Oklahoma.

July 22, 1970.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Max A. Martin, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

William Lee Eddins, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the crime of Burglary Second Degree After Former Conviction of a Felony; his punishment was fixed at ten years imprisonment in the state penitentiary, and he appeals.

On the trial John Shaw, proprietor of the Lucky Cue Family Recreation Center at 3909 NW 14th Street in Oklahoma City, testified that on the night of November 10, 1968, someone entered his locked establishment, apparently by removing a rear door panel, and broke into various coin-operated vending machines, taking money and a pool cue bearing his son's name. He identified State's Exhibit 4 as the missing pool cue.

Officer Fansler of the Oklahoma City Police Department, testified that on the morning of November 11, 1968, he obtained fingerprints from a coin box that had been removed from one of the vending machines at the pool hall. One of the prints matched a known fingerprint of defendant, as identified by Officer Connelly.

Officer Blair, of the Oklahoma City Police Department, testified that after obtaining a waiver of search warrant from defendant's wife, he searched defendant's home at 714½ NW 18th Street in Oklahoma City on November 23, 1968, and discovered State's Exhibit 4, the pool cue.

Charles Gray testified that in September or October, 1968, he and defendant looked at the pool hall to case the place for the purpose of breaking and entering, but they changed their minds. He further testified that about November 15, 1968, defendant told him that defendant had broken and entered the pool hall at the back door. Gray was a convicted burglar on suspended sentence and admitted to clearing up about 36 burglaries. He denied any promise of favor from the prosecution for testifying.

Defendant did not testify in his own behalf and the former felony conviction was stipulated.

There are two assignments of error urged on appeal, neither of which have sufficient merit to warrant discussion in this opinion; suffice it to say, that the evidence of the defendant's guilt is overwhelming and uncontroverted; the punishment imposed is the minimum which the defendant could have received; and there is no error which would justify modification or reversal.

The judgment and sentence is accordingly affirmed.

BRETT, P. J., and NIX, J., concur.