Eugene James **TEAGLE**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–15357.

Court of Criminal Appeals of Oklahoma.

Jan. 6, 1971.

See also Okl.Cr., 450 P.2d 911.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

MEMORANDUM OPINION

BUSSEY, Judge.

Eugene James Teagle, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the offense of Robbery with Firearms; ʰhis punishment was fixed at twenty years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

The record reflects the charge was filed against the defendant on June 23, 1964. He was committed to Taft State Hospital for observation and escaped. He was in legal custody in two states prior to receiving a five year federal sentence. The State of Oklahoma caused a detainer warrant to be lodged against him on April 10, 1968. The defendant asked for a speedy trial on August 5, 1968. The District Court of Oklahoma County issued a Writ of Habeas Corpus Ad Prosequendum on February 26, 1969, and the defendant was returned to the State of Oklahoma for trial.

Briefly stated, the evidence at the trial adduced that on May 22, 1964, Wylie Sanders was employed at Campbell Liquor Store at 110–A Northeast Second Street in Oklahoma City (R 19). A man, whom he identified in court as defendant (R 22), came in the store about closing time, ordered Scotch and, when another customer came in, left the store. Soon defendant returned and ordered wine also. When the bottles were sacked, defendant produced a gun (apparently a cap pistol) (R 52), and demanded money (R 20). Sanders scuffled with defendant and defendant ran. A watchman outside commenced shooting at defendant (R 21).

Raymond Lopez Garcia testified that he was a watchman employed at the liquor store and about closing time on May 22,

1964, he was stationed outside the store (R 31). He heard the clerk calling from inside the store and saw a man, whom he identified in court as defendant (R 32), emerge running. He called for the man to stop, then shot, first in the air, then aiming. He hit defendant on the fourth or fifth shot, but the man got away (R 32).

Officer Costic, of the Oklahoma City Police Department, testified that on May 22, 1964, shortly after 10:00 p. m. he went to 329 NE First Street in Oklahoma City and on the second floor in the hallway, found a person who had been shot (R 42). He identified the person as defendant (R 43), who was taken to the hospital (R 44).

Joe Cook, who lived at 329 NE First, found defendant on the floor that evening and, instead of calling an ambulance, as defendant requested, called the police (R 48, 49).

Defendant testified that on May 22, 1964, he was walking with a friend down Second Street in the evening (R 60) and got shot (R 61). He denied ever being in the liquor store or robbing it, or robbing anyone else (R 62).

■ The defendant's first proposition of error alleges that the verdict is not supported by the evidence. This Court has consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Gray v. State, Okl.Cr., 467 P.2d 518. We, therefore, find this proposition of error to be without merit.

■ The next proposition contends that the punishment is excessive. We need only observe that the punishment imposed is well within the range provided by law and from the evidence presented cannot find that the punishment shocks the conscience of this Court.

 The defendant's final proposition alleges that he did not receive a speedy trial. We note that the denial of a speedy trial was the fault of the defendant rather than the State of Oklahoma. The law is clear that a delay in trying a defendant which is caused by his being a fugitive from justice does not violate the constitutional or statutory necessity for a speedy trial. Shepherd v. United States, 8 Cir., 163 F.2d 974.

In conclusion, we observe that the record is free of any error which would require reversal or justify modification, and the judgment and sentence should be, and the same is hereby, affirmed.

BRETT, P. J., and NIX, J., concur.