Arthur Lee **BLACK**, aka Roger Lee Steed, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–15909.

Court of Criminal Appeals of Oklahoma.
March 31, 1971.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Judge:

Plaintiff in error, Arthur Lee Black, aka Roger Lee Steed, hereinafter referred to as defendant, was convicted by a jury verdict of Robbery with Firearms in the District Court of Oklahoma County, Case No. 31,-294. Punishment was left by the jury for the court and on January 21, 1966, judgment and sentence was imposed sentencing defendant to 15 years imprisonment. On February 20, 1970, this Court, under 22 O.S. Supp.1969, § 1073, allowed an appeal out of time in our Case No. A-13,971, and this appeal was thereafter perfected.

At defendant's trial, Clifford Houston Vinson testified that on October 2, 1965, shortly after midnight he left an Oklahoma City cafe and proceeded homeward, when he came upon a car blocking the road. Two men standing by the car, one of whom was defendant, explained that their car keys were missing and asked Vinson to take them to get other car keys. Vinson drove at their request to an address where no one was home. As they got out of the car, defendant produced a .22 pistol, saying "no one would bother him as long as he had that." Vinson then was requested to drive to another address which he did, and all three got out and entered. Inside were people drinking corn whiskey, one of whom, a Harry Moore, joined Vinson, defendant and defendant's companion as they left. The four went to another location where they picked up two other men. Vinson had been driving up to this point, his car being a 1954 green and white Oldsmobile, but here

defendant took Vinson's car keys and drove, accompanied by Vinson, Moore and two others. At this point, Vinson began to feel fear and apprehension. After awhile, Vinson was struck by those in the back seat. As the car stopped, Moore took Vinson's wedding ring and the beating continued. He saw defendant standing with the pistol and then became unconscious. Vinson came to and the car and attackers were gone. Police were called and he recovered his car from them the following Monday. Vinson had about $160.00 in cash before this encounter, which was gone afterwards.

Officer Martin, of the Oklahoma City Police Department, on October 4, 1965, about 8:45 P.M. came upon a 1954 Oldsmobile parked at N. E. 1st and Lindsay, which he determined belonged to Vinson. He had a conversation with Preston Powell and Taift Anderson, and talked to defendant, who admitted driving the car.

Officer Powell, of the Oklahoma City Police Department, testified that he saw defendant driving the car that morning.

Taift Anderson testified that he saw defendant that morning about 6:30, and defendant said he had an Oldsmobile, referring to a 1955 Oldsmobile, white and blue hardtop, parked outside.

Officer Martin, recalled, testified that the car which was the subject of his conversation with Powell and Anderson was the same Oldsmobile that he determined was owned by Vinson.

Defendant did not testify or offer evidence in his behalf.

Although defendant urges consideration of the evidence for sufficiency, it is clearly apparent there was sufficient evidence to support the verdict. Likewise, defendant's contention that the sentence should be modified is without merit. Defendant does not allege any specific errors and we find no fundamental errors in the record. The sentence is well within the limits allowed for punishment on conviction for robbery with firearms. 21 O.S. 1961, § 801.

 As stated in Eddins v. State, Okl. Cr., 473 P.2d 347 (1970):

"Where the evidence amply supports the verdict of the jury, the punishment is well within the range provided by law, and the record is free of any error which would justify modification or reversal, the judgment and sentence will be affirmed."

We, therefore, conclude that the judgment and sentence must be affirmed.

BUSSEY, P. J., and BRETT, J., concur.