**Larry Earl QUARRELS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A-17673.**

Court of Criminal Appeals of Oklahoma.

Oct. 18, 1972.

Don Anderson, Public Defender, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

OPINION

BRETT, Judge:

Appellant, Larry Earl Quarrels, hereinafter referred to as defendant, was convicted in the District Court of Oklahoma County, Case No. CRF-71-1127, of robbery

with a dangerous weapon after former conviction of a felony, and sentenced to ten years imprisonment. Judgment and sentence was imposed on March 3, 1972, and this appeal perfected therefrom.

It was charged by information that on May 9, 1971, the defendant committed the offense of robbery with a dangerous weapon in violation of 21 O.S.1971, § 801, by assaulting Ertis Hatchewt with a tire iron and with threats of injury did thereby steal from Hatchewt $50.00. The second page of the information alleged that previous thereto the defendant had been convicted of grand larceny on February 5, 1969, in Oklahoma County.

At the trial Ertis Hatchewt testified that around midnight of May 9, 1971, he stopped at the Red Rock Cafe at 23rd Street and Bryant Street in Oklahoma City, parking his car behind the building. After having a cup of coffee Hatchewt returned to his automobile. As he got inside his vehicle a person, whom Hatchewt identified in court as the defendant, approached and demanded money. As Hatchewt attempted to drive off another person approached. According to Hatchewt, defendant opened the car door, grabbed Hatchewt's foot, and pulled Hatchewt out of his car. The assailants struck Hatchewt several times with tire tools, and took his billfold which had fallen to the ground. The two assailants then ran to an automobile and drove away. Hatchewt wrote down the tag number and notified the police.

Defendant testified that he was at the Red Rock Cafe on the night in question, having arrived about 12:30. As he was leaving, after having been there thirty minutes, the defendant met, outside the cafe, Radie Bundage. According to defendant Bundage asked the defendant to take him and his wife home. As defendant was getting into his car, Hatchewt, who had been sitting in his own vehicle talking to two females, approached the defendant. According to defendant, Hatchewt came up to the defendant and asked "Where is my billfold?". Defendant replied that he had no knowledge of it and Hatchewt left. Defendant, according to his testimony, then drove Mr. and Mrs. Bundage, and another female, home. Radie Bundage testified that the defendant gave him and Mrs. Bundage a ride home from the Red Rock Cafe on the night in question.

On the basis of this evidence the jury returned a verdict finding the defendant guilty of robbery with a dangerous weapon. In the second phase of the trial, defendant's former conviction for grand larceny was stipulated and the jury returned a verdict assessing the punishment at the minimum of ten years imprisonment.

■ The only contentions raised on appeal by defense counsel urge that the evidence is insufficient to support the verdict, and that the punishment is excessive. Where there is competent evidence from which the jury could reasonably conclude that the defendant was guilty as charged, this Court, on appeal, will not interfere with a verdict, even though there is a sharp conflict in the evidence, and different inferences may be drawn therefrom, as it is the exclusive province of the jury to weigh the evidence and determine the facts. Teagle v. State, Okl.Cr., 479 P.2d 616 (1971). We are of the opinion that the jury had before it competent evidence which it believed would support the verdict of guilty.

■ As to the excessiveness of the punishment, the jury assessed the statutory minimum allowable. 21 O.S.1971, § 801. Accordingly, there can be no error in this regard. Where the evidence supports the verdict of the jury, the punishment is well within the range provided by law, and the record is free of any error which would justify modification or reversal, judgment and sentence will be affirmed. Black v. State, Okl.Cr., 483 P.2d 755 (1971). Accordingly, the judgment and sentence is hereby affirmed.

BUSSEY, P. J., concurs.