**Opie D. PITTS, II and Timothy A. Gaffney, Appellants,**

v.

**The STATE of Oklahoma, Appellee.**

**Nos. F-81-370, F-81-371.**

Court of Criminal Appeals of Oklahoma.

Aug. 6, 1982.

Ed Parks and Ronald D. Cates, Boyd & Parks, Tulsa, for appellants.

Jan Eric Cartwright, Atty. Gen., Robert C. Smith, Jr., Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

Appellants were charged conjointly with Robbery With a Dangerous Weapon, in Case Number CRF–80–2024, in the District Court of Tulsa County. At the preliminary hearing, appellants' motion to suppress was sustained and the State gave timely notice of intent to appeal the ruling pursuant to Rule Six, Rules of the Court of Criminal Appeals, 22 O.S., ch. 18, App.Rule 6 et seq. On the State's appeal, the ruling of the magistrate was reversed by the Honorable Jay Dalton, District Judge, and the cause remanded for further preliminary hearing.

When the preliminary hearing continued, probable cause was found to bind appellants

over for trial. They filed motions to dismiss and reasserted their motions to quash before the district court, both motions were overruled. Thereafter, appellants waived their rights to jury trial and were tried by the court. Both were found guilty and received sentences of five (5) years' imprisonment.

## I

■ Appellants' argue that Rule 6 of the Rules of the Court of Criminal Appeals is unconstitutional and in direct conflict with 22 O.S.1981, § 1053. The constitutionality of Rule 6 has previously been reviewed by this Court in *Hess v. State*, 536 P.2d 366, 368 (Okl.Cr.1975), wherein we stated,

> ... Rule 6 only provides a forum and procedure to assert a co-equal right of the State. This Court has the authority under its superintending power to provide for such a procedure to achieve a true balance of criminal justice. (citations omitted.)

■ Appellants' argument that Rule 6 is in contravention to our statute 22 O.S.1981, § 1053, is without merit. Section 1053 addresses itself solely to appeals to this Court and not to appeals to the district court from rulings of a magistrate.

## II

■ Appellants assert that the arresting officer lacked probable cause at the time of the arrest. Title 22 O.S.1981, § 196, provides that a police officer may make a lawful warrantless arrest when a felony has in fact been committed and the officer has reasonable cause to believe the person arrested has committed the felony. The test for a lawful warrantless arrest is whether at the moment the arrest was made the facts and circumstances within the arresting officer's knowledge, and of which he had reasonably trustworthy information, were sufficient to warrant a prudent man to believe that the arrestee had committed or was committing a crime. *Beck v. Ohio*, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); *Lee v. State*, 637 P.2d 879 (Okl.Cr. 1981); *Backus v. State*, 635 P.2d 1021 (Okl.

Cr.1981); *Swain v. State*, 621 P.2d 1181 (Okl.Cr.1980).

■ In this case, Ms. Baassiri, the victim, stopped the arresting officer, who was on routine patrol in the area, only moments after the robbery. She reported to him that she had been robbed by a person fleeing in a gray Grand Prix, pointing to the appellant's car which had just pulled out of a Braum's Ice Cream Store onto 21st Street. Although the officer did not actually see the car Ms. Baassiri pointed out, he testified that just moments prior to being flagged down he had seen a gray Grand Prix pulling out from a side street at Braum's and 21st. At that time he had noticed a sanded down primer spot on the left front fender of the car. After the robbery report, the officer turned his car around, believing that the gray Grand Prix he had seen pulling out of the Braum's area was the same gray Grand Prix Ms. Baassiri had described. He pursued the car down 21st Street and onto Highway 169. The officer testified that as he approached appellant's car, he saw that it was the same one he had seen leaving the robbery area.

The officer did not testify that he was suspicious of the car when he had first observed it. He stated that as a patrol officer, he is in the habit of noticing cars, people and other details. As he stopped the appellant's car, the officer observed only one suspect, Pitts. He frisked Pitts and then observed that Gaffney had slid down in the car seat and appeared to be stuffing something into his trousers. The officer told Gaffney to exit the car and searched him for weapons.

We find that the arresting officer did have probable cause to arrest the appellants. The officer was informed by the robbery victim that a suspect was fleeing down 21st Street in a gray Grand Prix. Although the victim did not give a description of the lone assailant, she mentioned only one person as having robbed her. The officer had seen the appellant's car pulling out of the same area of the robbery just prior to the robbery report. The officer

testified that he had passed other gray cars in his pursuit of defendants, but, having the appellants' car in mind, did not pull any of the others over. As he approached the vehicle he recognized the damaged left front fender. Considering the timing of the patrol, the robbery, and report; the fact that the car was proceeding in the direction the victim had pointed; and that it was in fact a gray Grand Prix, we find there was sufficient probable cause to effect a warrantless arrest of appellants.

 Further, we find that the officer conducted a valid search and seizure incident to a lawful arrest. The evidence clearly supports the State's contention that the search for weapons and evidence of the crime was incident to a lawful arrest. See *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); *Cooper v. State*, 552 P.2d 406 (Okl.Cr.1976); *Duke v. State*, 548 P.2d 230 (Okl.Cr.1976). Since the appellant's only contention regarding the pre-information line-up and confessions is based upon the taint of an illegal arrest, these propositions are without merit. *White v. State*, 572 P.2d 569 (Okl.Cr.1977).

### III

Appellants, lastly, argue that insufficient evidence was produced at the preliminary hearing to find probable cause that a robbery was committed with a dangerous weapon. They assert that the instrumentality, a can of mace, is neither a dangerous weapon per se nor does it rise to such a level based upon the manner in which it was used. At the preliminary hearing, the victim testified that Gaffney had a can of mace partially concealed under his tee-shirt. She stated that she did not really think the appellant was serious until he pointed the can directly at her. This Court has held on numerous occasions that almost any ordinary object, used in a manner which may cause death or great bodily harm may be considered a dangerous weapon under 21 O.S.1981, § 801. The manner in which the object is used generally is the determinative factor as to whether the object can be considered a dangerous weapon. *Quarrels v. State*, 502 P.2d 1293 (Okl.Cr.1972) (tire tools); *Davis v. State*, 451 P.2d 974 (Okl.Cr. 1969) (coke bottle and fist); *Hay v. State*, 447 P.2d 447 (Okl.Cr.1968) (shoes); *Tipler v. State*, 78 Okl.Cr.App. 85, 143 P.2d 829 (1941) (leather strap). Unquestionably, mace is a substance which is designed as a defensive weapon, but may be used in such a manner as to cause greatly bodily harm. We, therefore, find appellants' last proposition to be without foundation.

The judgments and sentences are AFFIRMED.

BRETT, P. J., and BUSSEY, J., concur.