**Steve Dewayne SMITH, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–83–510.**

Court of Criminal Appeals of Oklahoma.

July 23, 1985.

James T. Rowan, Asst. Public Defender, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Robert W. Cole, Asst. Atty. Gen., Terry L. Jenks, Legal Intern, State of Okl., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Steve Dewayne Smith was convicted of Robbery with Firearms and Assault and Battery with a Dangerous Weapon, and was sentenced to consecutive ten (10) year and two (2) year terms of imprisonment, respectively. We affirm.

### I

Appellant first contends that the trial court erred in overruling a motion for a mistrial after the seventy-four-year-old victim identified the appellant as the assailant, in violation of a pretrial agreement that the State would not elicit identification testimony from the witness. The question posed by the parties is whether a subsequent instruction to the jury cured the error.

It is unnecessary to address the issue thus framed, since the error was clearly cured by defense counsel's extensive inquiry into the identification issue on cross-examination. The introduction of improper evidence is cured when counsel for the defense cross-examines the witness on the same subject. *Allen v. State*, 611 P.2d 254 (Okl.Cr.1980). See also *Abbott v. State*, 661 P.2d 914 (Okl.Cr.1983).

## II

Appellant next contends that the warrantless arrest of the accused was not supported by probable cause, and that the fruits of the arrest should be suppressed. This contention is without merit.

■ The test for the validity of a warrantless arrest is whether at the moment it was made the facts and circumstances within the knowledge of the arresting officer, and of which he had reasonably trustworthy information, were sufficient to warrant a prudent man to believe that the arrestee had committed or was committing an offense. *Pitts v. State*, 649 P.2d 788 (Okl.Cr.1982).

According to the victim, he was shot and robbed at 12:30 P.M. or 1:00 P.M. on the afternoon of May 1, 1982, at 16 N.E. 11th Street, in Oklahoma City. At an in camera hearing, Officer Sharon Ford of the Oklahoma City Police Department testified that she received a radio message describing the suspect as a black male approximately six feet tall, weighing about three hundred pounds and wearing a red jacket and blue jeans, and having a pockmarked face. The officer then began a search of the area for the suspect.

Some minutes later, a fellow officer, Officer Ring, who regularly patrols the area in question, advised over the radio that the description of the suspect fit a man known to the officer as "Stevie Smith," who lived in an apartment house in the seven hundred block of N.E. 7th Street. (Appellant testified at the in camera hearing that he and Officer Ring had gone to school together, and played football.)

Officer Ford and a fellow officer went to the seven hundred block of N.E. 7th Street and knocked on the first door of the only apartment house on the block. A small girl answered the door, and when the officers asked if "Stevie was home," the girl summoned appellant from within the apartment. The appellant closely matched the description of the suspect. Officer Ford described him as a black male about five feet, ten inches tall, weighing about three hundred pounds and having a pockmarked face. In subsequent testimony, she indicated that he was also wearing blue jeans. The man was not then wearing a red jacket. (A red jacket was discovered in the apartment after the arrest.) The appellant was then placed under arrest.

■ We find the arrest was lawful, and that resulting statements by the appellant and evidence seized from his apartment pursuant to a search waiver were properly admitted.

## III

■ Finally, appellant contends that the arrest was unlawful under *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), which holds that the Fourth Amendment to the United States Constitution prohibits the police from making a warrantless and nonconsensual entry into a suspect's home to make a routine felony arrest. However, that case is clearly distinguishable, for the arresting officers in the case at bar did not enter appellant's apartment in the course of making the arrest. Rather, when the appellant came to the door of the apartment, the officers said that they needed to talk to him, and asked if he would step outside the apartment, which he did. The officers then placed him under arrest. We find no violation of the doctrine in *Payton*, supra.

The judgment and sentence is AFFIRMED.

PARKS, P.J., and BRETT, J., concurs.