**STATE of Oklahoma ex rel. David YOUNG, District Attorney, District No. 24, Petitioner,**

**v.**

**The Honorable Marshall WARREN, Associate District Judge, McIntosh County, State of Oklahoma, Orginal Respondent,**

and

**Larry Derryberry, Attorney General, State of Oklahoma, Intervenor,**

and

**The Honorable Kenneth G. Hughes, District Judge, Creek County, Oklahoma, et al., Additional Respondents.**

**No. O–75–103.**

Court of Criminal Appeals of Oklahoma.
May 7, 1975.

## OPINION AND ORDERS

BLISS and BUSSEY, Judges:

This is an original proceeding filed in this Court on March 7, 1975, asking the Court to assume original jurisdiction and to issue writ of mandamus to the Respondent, The Honorable Marshall Warren, Associate District Judge in and for McIntosh County, Oklahoma, commanding certain relief in reference to the trial of the case of State of Oklahoma vs. Jess Henson, defendant, No. F–75–26, pending in the District Court in McIntosh County, Oklahoma, a case originally filed in the District Court of Creek County, Oklahoma, in which the amended Information charges the said Jess Henson and others with the crime of Murder in the First Degree.

On March 14, 1975, Intervenor, the Attorney General of the State of Oklahoma, filed herein Application for Leave to Intervene and Request for Joinder of Additional Parties and for Special Findings.

By order of March 18, 1975, this Court assumed original jurisdiction and sustained the application for leave to intervene, named additional respondents, directed the production and filing herein of various trial court files, records and transcripts and stayed all proceedings in the trial courts, including the case in McIntosh County. A copy of the order of March 18, 1975, is annexed hereto as Appendix No. 1 and by reference is made a part hereof. Since the issuance of the order, this Court has been furnished with the requested files, records, and transcripts and from these and the previous statements and arguments of counsel as referred to in the order, the Court now disposes of this case as follows.

First, with the records now before the Court it appears that in some instances the order of March 18 is inaccurate as to certain data but the same is hereby corrected to conform to the findings herein.

On July 19, 1974, an Information was filed in the Sapulpa Division of the District Court of Creek County, Oklahoma, in Case No. CRF–74–123, against Jess Henson, Ronnie Lee Gibson and Barry Rame in which it was charged they had committed the crime of Murder in the First Degree [21 O.S.Supp.1974, § 701.1(2)] in Creek County, Oklahoma on the 19th day of June 1974, while acting together and in concert with each other in that they unlawfully, wilfully and feloniously, without authority of law, and with a premeditated design to effect the death of one Mrs. Earl Bush, while being then and there engaged in committing or attempting to commit the crime of Armed Robbery, killed the said Mrs. Earl Bush by inflicting stab wounds upon her body, from which she died.

Thereafter, an amended Information was filed August 8, 1974, charging the same crime against the same defendants and one other, Clifford Rame. Subsequently, on September 12, 1974, a second Information was filed charging substantially the same crime, naming the deceased as Mrs. Earl Bush, also known as Susan Bush, and naming six defendants, Jess Henson, Ronnie Lee Gibson, Barry Lynn Rame, Clifford Rame, Thomas Andrew Bias and Kenneth Gregory. It is under this second amended Information that the case is now being prosecuted.

Preliminary hearing was held between October 2 and October 9, 1974, before the Respondent, The Honorable Clyde Patrick, Special Judge, Sapulpa Division, District Court, Creek County, Oklahoma, acting as an examining magistrate, during which the defendants Barry Rame and Clifford Rame refused to testify under the Fifth Amendment of the Federal Constitution of the United States. Whereupon, they were taken before the Respondent, The Honorable Kenneth Hughes, District Judge, Creek County, Oklahoma, who granted each immunity, following which each, at the direction of Judge Hughes, testified at the preliminary hearing as a witness for the State of Oklahoma. At the conclusion of the

preliminary examination, defendants Jess Henson, Ronnie Lee Gibson, Thomas Andrew Bias and Kenneth Gregory were held to answer said charge in the trial division of the District Court of said county but the defendants Barry Rame and Clifford Rame were ordered discharged and the case dismissed as to them by the examining magistrate.

Thereafter, each of said defendants was duly arraigned and each entered a plea of not guilty.

On November 8, 1974, the Respondent, The Honorable Bill Haworth, District Judge, Muskogee County, Oklahoma, was the Presiding Judge of the East-Central Judicial Administrative District, having assigned himself to preside over pending matters in the case in Creek County, sustained defendant Jess Henson's Motion for Change of Venue and ordered the trial venue changed from Creek County, a part of District Court Judicial District No. 24, to Muskogee County, a part of District Court Judicial District No. 15. Although neither of the other defendants filed a motion for change of venue, nor acquiesced in defendant Henson's motion, defendant Ronnie Lee Gibson formally objecting, the order directing said change of venue to Muskogee County was entered as to each and all of the defendants and the case was thereupon transferred to the District Court of Muskogee County as to each of said four defendants, and the case was ordered for trial on January 6, 1975, before The Honorable Bill Haworth, District Judge.

It clearly appears from the record before the Court that on January 3, 1975, all of the attorneys of record for all four of the defendants and the Assistant District Attorney of Creek County appeared before Judge Haworth in his chambers in the City of Muskogee for the purpose of discussing and pursuing, if possible, certain plea bargaining and negotiating which apparently proposed the reduction of the charge of Murder in the First Degree to Murder in the Second Degree as to each and all of the defendants if they would plead guilty to the reduced charge upon a recommendation of ten (10) years to life imprisonment. The record shows the defendant Henson's attorneys refused the proposal, insisting he denied any guilt, knowledge or involvement in the crime alleged against him. A long-distance telephone conversation was then had with Mr. David Young, the District Attorney, who was then in Sapulpa, and while all were still present before Judge Haworth, pursuing further the possibility of reaching some agreement. The attorneys of the defendants, other than Henson, expressed a willingness to give statements as to their participation involving the murder of Mrs. Bush and to plead guilty to Murder in the Second Degree, but suffice it to say, no agreements were made, the plea bargaining and negotiating failed and the meeting was concluded.

On January 6, 1975, Judge Haworth granted defendant Henson's motion for severance and on that same date trial of Jess Henson commenced, jury impaneled and sworn to try the case. The following minute was made in reference to the trial proceedings of January 6, 1975.

"Mr. Cowan appears for the State of Oklahoma. Mr. David Harris appears with defendant Gregory. Mr. Sellers and Fitzsimmons appear with Henson. Creekmore Wallace appears with Andrew Bias. Mr. Sam Caldwell appears as local counsel for Mr. Henson. Panel is sworn as to qualifications. Court explains case. Defendants Bias and Gregory will be severed from this case. Mr. Philbeck, counsel for Clifford Rame, appears and inquires as to what court intends to do regarding their testimony. Court is not going to do anything for the reason that Judge Hughes has already made a ruling per the matter and it would be improper if this court overruled or sustained anything he ordered. Mr. Cowan states that Mr. Bias and Mr. Gregory will give statements and their charges will be reduced to second degree murder, and that they will plea, such sentence being from ten years to life im-

prisonment. Mr. Wallace moves their case be taken back to Creek County. Court takes motion under advisement. These motions were heard while the jury was in recess. Mr. Sellers also moved for mistrial during jury's absence from the courtroom. Overruled, exceptions. Jury duly impaneled and sworn."

During the trial of defendant Henson, several motions were filed on Henson's behalf for mistrial and on January 8, 1975; the court sustained his motion for mistrial and entered written order accordingly and the court, of its own accord, ordered the case transferred to the District Court of Tulsa County, Oklahoma, and directed that the files and court records be transferred forthwith to Tulsa and that the trial of the case commence anew on March 3, 1975. Prior to the transfer, the defendant filed formal motion to vacate said order.

The record reflects that the said records and files were so delivered and the case docketed and indexed in the District Court of Tulsa County under Case No. CRF–75–67 and that thereafter and on January 22, 1975, Judge Haworth entered an order, as Presiding Judge of the East-Central Judicial Administrative District, assigning The Honorable Marshall Warren, Associate District Judge, McIntosh County, State of Oklahoma, to Tulsa County to preside over the upcoming trial of said case in that county. On February 14, 1975, the defendant Henson filed various motions, one seeking bail and one seeking change of venue, and on February 21, 1975, the said Judge Marshall Warren entered an order in the case in Tulsa sustaining motion for change of venue and directing that all files and the case in its entirety be transferred to the District Court of McIntosh County, Oklahoma, for trial. That in due time said transfer was effected and the case docketed and indexed in the District Court of McIntosh County under Case No. F–75–26 and thereafter on March 6, 1975, Judge Warren proceeded to hear defendant Henson's application for bail and admitted him to bail in the sum of Twenty-five Thousand Dollars ($25,000.00). Immediately following, the instant case before us was filed in this Court on March 7, 1975.

The first question for determination is one of trial venue. Where is the trial venue in this case as to the defendant Jess Henson? And where is the trial venue as to the three remaining defendants Ronnie Lee Gibson, Thomas Andrew Bias and Kenneth Gregory?

The Constitution of the State of Oklahoma, Article 2, Section 20 is in pertinent part as follows:

"In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed: Provided, that the venue may be changed to some other county of the State, on the application of the accused, in such manner as may be prescribed by law."

As to change of trial venue, 22 O.S.1971, § 561 provides in part as follows:

"Any criminal cause pending in the district court may, at any time before the trial is begun, on the application of the defendant be removed from the county in which it is pending to some other county in said judicial district, whenever it shall appear in the manner hereinafter provided, that the minds of the inhabitants of the county in which the cause is pending are so prejudiced against the defendant that a fair and impartial trial cannot be had therein. . . . When there are several defendants in any indictment or criminal prosecution, and the cause of the removal thereof exists only as to one or more of them, the other defendants shall be tried and all proceedings had against them in the county, in which the case is pending, in all respects as if no order of removal had been made as to any defendant."

As heretofore indicated, the record plainly shows that the trial venue was changed from Creek County to Muskogee County by reason of Judge Haworth's sus-

taining the defendant Henson's motion for change of venue. This change of trial venue, in so far as Henson is concerned, appears to be regular and the procedure by which it was done is approved.

■ However, it is to be noted that Section 561, supra, provides the change is to be made "from the county in which it is pending to some other county in said judicial district." In the instant case the change of trial venue was made beyond the judicial district in which the prosecution was originally pending, and made to Muskogee County. No doubt the question of sending the trial of the case to either of the other two counties in the same judicial district, Okmulgee and Okfuskee counties, came before and was considered by Judge Haworth, who, no doubt, determined it should be transferred beyond the judicial district. This Court cannot conceive of any good reason why the trial court in consideration of an application for change of venue from the county where the criminal cause is pending should not make a determination as to the other counties in the same judicial district if the request is set forth in the defendant's application, and if it is, the same procedure should be followed as to those counties as is prescribed in said section as to the county where the criminal prosecution is pending. Such procedure should be and is hereby approved.

■ Further, the record in the case is equally clear that neither of the other three defendants asked for a change of trial venue from Creek County to any other county, nor did either join in Henson's change. As to them, the change of trial venue to Muskogee County was in violation of the constitutional provision, supra, and Section 561, supra. The trial venue as to the defendants Gibson, Bias and Gregory remains in Creek County and they are under the jurisdiction of the District Court of that county to be tried in Case No. CRF-74-123, Sapulpa Division and all necessary court files, transcripts and other related papers should be forwarded to the court clerk of Creek County to be used in the trial of said defendants.

■ We shall next determine the validity of Judge Haworth's order entered in Muskogee County on January 8, 1975, ordering the trial venue changed to Tulsa County as to the defendant Henson after a mistrial had been declared in the District Court in Muskogee County. The order for change of trial venue was not made on application of Henson but over his protest. The order was and is void. There is no possible way the trial venue went to Tulsa County. It, therefore, follows that there can be no trial venue in McIntosh County and the District Court of that county in Case No. F-75-26 is without authority in said case for any purpose. All records in that case should be forthwith transferred and delivered to the court clerk of the District Court in and for Muskogee County, Oklahoma, and again made a part of the record in CRF-74-355. This is as to the defendant Henson only. The District Court of McIntosh County is so ordered and directed.

It is interesting to note, had the change of trial venue to Tulsa County been legally authorized, which it was not, then these pertinent provisions of 22 O.S. 1971, § 566, to-wit:

"The court to which the action is removed must proceed to trial and judgment therein the same in all respects as if the action had been commenced in such court. . . ."

would be controlling and the case triable before a Judge of Tulsa County rather than an assigned Judge. Moreover, we are not aware of any statute or rule of court which permits a Presiding Judge of a Judicial Administrative District to assign a Judge for trial work beyond or outside such district. For all of the above and foregoing reasons, we are of the opinion that the writ of mandamus prayed for by Petitioner, David Young, should be granted in part and denied in part. The order fixing bail for the defendant Henson in the

District Court in McIntosh County in Case No. F–75–26 is hereby vacated and set aside and the application for bail should be presented to the District Court in Muskogee County in Case No. CRF–74–355.

We will next consider whether the plea bargaining entered into between Assistant District Attorney Cowan, District Attorney Young, and counsel for defendants Ronnie Lee Gibson, Thomas Andrew Bias, and Kenneth Gregory, is constitutionally permissible. From the record before us it is abundantly clear that the evidence offered before Special Judge Patrick of the Creek County District Court, acting as an examining magistrate, established that the crime charged had been committed and probable cause was established by testimony and evidence sufficient to hold defendants Gibson, Bias, Gregory and Jess Henson for trial for the crime of Murder in the First Degree as alleged in the second amended Information. There is no evidence before this Court, nor was any offered before Judge Haworth in the plea negotiations conducted before him, which could possibly be construed as establishing that defendants Gibson, Bias and Gregory were not guilty of Murder in the First Degree, but instead were guilty of Murder in the Second Degree. The pertinent part of 21 O.S.Supp.1974, § 701.3, provides:

" . . . In a jury trial for murder in the first degree, nothing in this section shall preclude the trial judge from instructing the jury regarding lesser and included offenses and lesser degrees of homicide if the evidence warrants such instructions; but in every instance where an instruction authorizes the jury to consider lesser and included offenses and lesser degrees of homicide, the judge shall state into the record his reasons for giving the instruction based upon the evidence adduced at trial."

■ Since the trial court is required, before giving such an instruction on a lesser offense, at a trial for Murder in the First Degree, to cause the record to reflect the evidence upon which he bases his instruction for the lesser offense, it neces-

sarily follows that he may not constitutionally allow plea bargaining between the State and the defendant, or defendants, unless the following conditions are met:

In all capital cases where a preliminary examination has been conducted on the charge of Murder in the First Degree, as in the instant case, and the testimony taken at said preliminary examination is sufficient to hold the defendant, or defendants, for trial, and the defendant, or defendants, thereafter enters a plea of not guilty at arraignment, the trial court, before permitting a reduction of the charge from Murder in the First Degree to any lesser offense, MUST require the State, by competent evidence to establish that sufficient evidence exists to establish that the defendant, or defendants, was guilty of the lesser included offense, and not Murder in the First Degree. We reiterate that to do otherwise would violate the clear intent of 21 O.S.Supp.1974, § 701.3, and render unconstitutional the provisions of 21 O.S. Supp.1974, § 701.1, under the decisions of the United States Supreme Court in Furman v. Georgia, Jackson v. Georgia, and Branch v. Texas, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346.

■ It appearing to the Court that certain incriminatory statements were given by some of the defendants as a result of the plea bargaining, we are of the opinion, and therefore hold, that such statements given as a result of plea bargaining are inadmissible against the person making those statements on their trial in chief, or as rebuttal testimony during the trial. Nothing in this opinion shall be construed as precluding the State from granting the defendants in any case, capital or otherwise, immunity from prosecution, so long as the immunity granted conforms to the Constitution and statutes of the State of Oklahoma and the Constitution and statutes of the United States.

We emphasize that the procedure detailed above, is applicable only to cases wherein the defendant, or defendants, was originally charged with Murder in the

First Degree in violation of 21 O.S.Supp. 1974, § 701.1.

Nothing in this opinion should be construed as prohibiting the trial court from instructing in the manner provided by 21 O.S.Supp.1974, § 701.3, if the evidence on trial warrants an instruction on a lesser offense.

Accordingly, the Respondents, and each of them, are ordered to comply with the views expressed in this Opinion and the orders therein contained. The Writ of Mandamus herein granted in part and denied in part.

BRETT, P. J., concurs.

## APPENDIX NO. 1

### IN THE COURT OF CRIMINAL APPEALS OF THE STATE OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA ex rel. DAVID YOUNG, DISTRICT ATTORNEY, DISTRICT NO. 24,<br><br>Petitioner,<br><br>—vs—<br><br>HONORABLE MARSHAL WARREN, ASSOCIATE DISTRICT JUDGE, McINTOSH COUNTY, STATE OF OKLAHOMA,<br><br>Respondent.<br><br>LARRY DERRYBERRY, ATTORNEY GENERAL, STATE OF OKLAHOMA,<br><br>Intervenor. | No. O–75–103 |

### ORDER GRANTING LEAVE TO INTERVENE, NAMING ADDITIONAL RESPONDENTS, DIRECTING THE PRODUCTION AND FILING OF CERTAIN TRIAL COURT FILES, RECORDS AND TRANSCRIPTS AND STAYING ALL PROCEEDINGS IN THE TRIAL COURTS IN THE CASES HEREIN DESCRIBED AND SET FORTH

Petitioner filed herein on March 7, 1975, his Application for this Court to assume original jurisdiction and his Petition for Mandamus in which he seeks certain relief against the respondent in case number CRF–75–26, styled The State of Oklahoma vs. Jess Henson, defendant, pending in the District Court in and for McIntosh County, Oklahoma, in which case the defendant now stands charged by amended information with the crime of Murder in the First Degree and alleged to have acted in concert with five (5) other persons, from whom the said defendant has been granted a severance, said case having been originally filed in the District Court in and for Creek County, Oklahoma, and having reached McIntosh County by reason of the appearances of the parties.

At said hearing of March 7, 1975, the said petitioner, Mr. David Young, appeared in his official capacity as such District Attorney and appeared by Mr. Luther Cowan, Assistant District Attorney to the said David Young, and by Mr. Paul Crowe, Assistant Attorney General of the State of Oklahoma; the respondent, The Honorable Marshal Warren, did not appear, either in person or by counsel, although having been duly notified; and the defendant, Jess Henson, having likewise been duly and formally notified, appeared in person and by his attorneys of record in the trial courts, Mr. Jack Sellers and Mr. Guy Fitzsim-

mons, both of Sapulpa, Oklahoma. All parties so appearing announced ready and presented their statements and arguments to the Court from which the Court found and determined that it should and did assume jurisdiction herein, and agreeable to the parties took the case under advisement for further determination without further appearances of the parties.

The Court finds that on July 19, 1974, the said defendant, Jess Henson, and five others, Ronnie Lee Gibson, Barry Lynn Rame, Thomas Andrew Bias, Kenneth Gregory, and Clifford Rame, were charged jointly by information (later amended) with the Crime of Murder in the First Degree in case number CRF–74–123 in the District Court of Creek County, Oklahoma, a part of District Court Judicial District No. 24 of the State of Oklahoma. A preliminary examination was held before The Honorable Clyde Patrick, Special Judge of said court, and the defendants Barry Lynn Rame and Clifford Rame, having been granted immunity with approval of the District Court, testified for the State of Oklahoma. The defendants were held for trial on said charge, a capital and nonbailable offense. Subsequently, defendant Henson's habeas corpus applications for bail were denied.

Trial of the case was set for November 16, 1974, in the District Court of Creek County at Sapulpa. It appears the local judges disqualified and The Honorable Bill Haworth, a resident District Judge of Muskogee County, Oklahoma, and the Presiding Judge of the East-Central Judicial Administrative District, composed of District Court Judicial Districts Nos. 15, 18, and 24, upon being advised that local judges had disqualified in the upcoming trial of defendants, assigned himself to Creek County to preside over the trial.

On November 6, 1974, subsequent to Judge Haworth's assignment as the trial judge, defendant Henson filed his written application for change of venue, which was heard and granted by Judge Haworth, who ordered the trial transferred to the District Court in Muskogee County, Oklahoma, as to all defendants and without the objection of either. Thereafter, Judge Haworth sustained the defendant Henson's request for a severance from the other defendants.

On January 6, 1975, trial began before Judge Haworth in Muskogee as to the defendant Henson and as the trial progressed, the said defendant made motions for a mistrial which were overruled, but on the third day of the trial, January 8, 1975, the court on its own motion, stated it had reconsidered the motions for mistrial and was sustaining the same, directed a mistrial, and ordered a change of venue to Tulsa County, Oklahoma, directed the clerk of the court to transfer the files and records to the District Court of Tulsa County for trial to begin March 3, 1975. The change of venue was not made on application of the defendant Jess Henson, but was made over his protest and objection.

On January 10, 1975, the court files and records were physically delivered to Tulsa County. As Presiding Judge of the East-Central Judicial Administrative District, Judge Haworth entered an order on January 22, 1975, assigning the respondent, The Honorable Marshal Warren, Associate District Judge in and for McIntosh County, Oklahoma, a county within District Court Judicial District No. 18, to Tulsa County to preside over the trial of said case. Tulsa County is within District Court Judicial District No. 14, which district composes the Tulsa-Pawnee Counties Judicial Administrative District, a separate and distinct administrative district from the East-Central and one over which Judge Haworth does not preside. Subsequently, defendant requested the trial of the case be returned to Muskogee County or some county other than Tulsa and requested bail be fixed for the defendant.

On February 21, 1975, respondent, Judge Warren, ordered a change of venue to McIntosh County, delivery of records to that county and cancellation of the trial date, without formal hearing and over the protest of the State.

On March 6, 1975, at a judicial hearing ordered by respondent in McIntosh County and without evidence being presented, respondent set bail for said defendant in the sum of Twenty-five Thousand Dollars ($25,000.00) for his appearance for trial in McIntosh County in May, 1975, which bail was presented and approved and defendant released from the custody of the Sheriff of Creek County.

The Court finds from the instant hearing that immediately before and during the incomplete trial in Muskogee County certain plea negotiations known to the court occurred between the State of Oklahoma and all defendants, except the two granted immunity, Barry Lynn Rame and Clifford Rame, whereby the defendants would enter pleas of guilty to and be sentenced for the lesser crime of Murder in the Second Degree. These negotiations did not culminate in a reduction to the lesser charge or a plea of guilty by either defendant, and all now remain charged with the crime of Murder in the First Degree. Shortly after the negotiations, the mistrial was declared, as mentioned above.

The Court now finds, as asserted in the Application to Intervene, that substantial and unique questions have arisen in said case which require this Court to inquire into all of the proceedings in all of said cases and courts, make appropriate findings and conclusions and guidelines as to the future trial of said case, and to that end certain parties be joined as respondents herein and certain files, records, and transcripts be furnished this Court.

The Court specifically finds that the Application to Intervene herein be, and the same is, sustained. The Court finds that there should be joined as respondents herein all of said defendants, six in number, as named above.

Further, there must be joined as respondents herein all judges who have participated to any extent in any of the proceedings, to-wit:

District Court of Creek County, Oklahoma, case number CRF–74–123, including the preliminary examination conducted in said before the said Judge Clyde Patrick;

District Court of Muskogee County, Oklahoma, case number CRF–74–355;

District Court of Tulsa County, Oklahoma, case number CRF–75–67; and

District Court of McIntosh County, Oklahoma, case number CRF–75–26.

The Court further finds that the court clerk of each of said counties shall assemble and transmit forthwith all records, court files, exhibits, and transcripts in each case in his or her county to the clerk of this Court to be filed in this case, O–75–103.

Each court reporter in each of said District Court cases or proceedings shall immediately transmit to the clerk of this Court any and all transcripts made by the reporter in either of said cases, and if the proceedings have not been transcribed, to do so at once and transmit them to the clerk of this Court. The Court finds that each respondent Judge named herein shall order and direct the appropriate court reporters to furnish such transcripts. All attorneys named herein shall assist the said court reporters in making available any transcripts which the reporters may no longer have in their possession, same to be returned to the attorneys following their use by the reporters.

This Court specifically finds that all proceedings in each and all of said cases above numbered be stayed as of the instant of this order and remain stayed until the further order of this Court.

The Court finds that the defendants and their respective attorneys of record are as follows:

Jess Henson
  Mr. Jack B. Sellers
  300 E. Lee Street
  Sapulpa, Oklahoma 74066

Mr. Guy Fitzsimmons
408 Security Building
Sapulpa, Oklahoma 74066

Ronnie Lee Gibson

Mr. L. G. Hawkins
Joseph Building
Sapulpa, Oklahoma 74066

Barry Lynn Rame

Mr. Clifton C. Brown
Security Building
Sapulpa, Oklahoma 74066

Thomas Andrew Bias

Mr. Creekmore Wallace
Berryhill Building
Sapulpa, Oklahoma 74066

Kenneth Gregory

Mr. David O. Harris
340 Court Arcade Building
Tulsa, Oklahoma 74103

Clifford Rame

Mr. Tom Filbeck
LaFevers Building
Sapulpa, Oklahoma 74066

and the clerk of this Court, upon this order being filed, shall mail a copy thereto to each of said attorneys, a copy to each of said court clerks, a copy to the petitioner, the respondent, the intervenor and each additional respondent, to-wit:

Mrs. Dorothy Crawford
Court Clerk
County Courthouse
Sapulpa, Oklahoma 74066

Mrs. Sarah Kelly
Court Clerk
County Courthouse
Muskogee, Oklahoma 74401

Mr. Don E. Austin
Court Clerk
County Courthouse
Tulsa, Oklahoma 74103

Mr. Charles R. Peterson
Court Clerk
County Courthouse
Eufaula, Oklahoma 74432

Mr. David Young
District Attorney
County Courthouse
Sapulpa, Oklahoma 74066

The Honorable Marshal Warren
Associate District Judge
County Courthouse
Eufaula, Oklahoma 74432

The Honorable Larry Derryberry
Attorney General
State Capitol Building
Oklahoma City, Oklahoma 73105

and the additional respondents, to-wit:

The Honorable Kenneth G. Hughes
District Judge
County Courthouse
Sapulpa, Oklahoma 74066

The Honorable Charles S. Woodson
District Judge
c/o District Court
Drumright, Oklahoma 74030

The Honorable Clyde T. Patrick
Special Judge
County Courthouse
Sapulpa, Oklahoma 74066

The Honorable Bill Haworth
District Judge
County Courthouse
Muskogee, Oklahoma 74401

It is hereby ordered and decreed that the above findings and conclusions are declared the order and judgment of the Court herein.

It is so ordered.

Witness our hands, and the Seal of this Court, this 18th day of March, 1975.

(s) Tom Brett

TOM BRETT, PRESIDING JUDGE

(s) C. F. Bliss

C. F. BLISS, JR., JUDGE

(s) Hez J. Bussey

HEZ J. BUSSEY, JUDGE