**Theodore WILLBRIGHT,
Petitioner-Appellant,**

v.

**Harold J. SMITH, Superintendent, Attica
Correctional Facility,
Respondent-Appellee.**

**No. 84, Docket 84–2074.**

United States Court of Appeals,
Second Circuit.

Submitted Aug. 31, 1984.

Decided Oct. 4, 1984.

Henry Putzel, III, John D. Boykin, New York City, for petitioner-appellant.

Carl A. Vergari, Dist. Atty. of Westchester County, Maryanne Luciano, Gerald D. Reilly, Asst. Dist. Attys. of Westchester County, White Plains, N.Y., for respondent-appellee.

Before KAUFMAN, MESKILL and PIERCE, Circuit Judges.

PER CURIAM:

Theodore Willbright appeals from a judgment entered on February 22, 1984, in the

United States District Court for the Southern District of New York, Robert W. Sweet, *Judge.* In Willbright's petition, he claimed that his plea of guilty in state court was invalid due to the judge's failure to inquire into the factual basis for the plea. We affirm.

## BACKGROUND

An indictment was filed in the New York Supreme Court, Westchester County, in December, 1974, charging Willbright with murder in the second degree, kidnapping in the second degree, and possession of a weapon in the fourth degree. Subsequent to the conviction of two of his co-defendants, and pursuant to a plea agreement, Willbright proffered a plea of guilty to the murder and kidnapping counts which pleas were accepted and entered.

Following a long procedural history through the state courts, in 1979 Willbright sought federal habeas corpus relief based on two claims, ineffective assistance of counsel and defective plea allocation. Both claims were denied by the district court. On appeal, this court affirmed the denial of ineffective assistance of counsel, *Willbright v. Smith,* 659 F.2d 1064 (2d Cir. 1981), but preserved Willbright's right to raise the plea allocution issue in a new petition because it had been raised "in such a tangential manner in the district court." *Id.* In September, 1981, Willbright filed the instant habeas corpus petition, alleging that his plea allocution in state court was invalid. Following a July 23, 1982 Report and Recommendation by Magistrate Gershon, to whom the petition had been referred, Judge Sweet dismissed the petition, and petitioner appeals therefrom. 564 F.Supp. 396.

## DISCUSSION

■ Appellant alleges that his guilty plea is constitutionally invalid because the state trial court judge failed to ask him to explain, in his own words, the factual basis for his plea. It is settled law that a guilty plea accepted without an affirmative showing that it is intelligent and voluntary is a

due process violation. *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969); *Siegel v. New York,* 691 F.2d 620, 624 (2d Cir.1982). A guilty plea must represent "a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970).

■ The voluntariness of a plea of guilty, however, should be determined by considering all of the relevant circumstances. *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970). A factual basis inquiry, such as that demanded by appellant, is merely one way of satisfying the constitutional requirement that a plea be voluntary and intelligent. *Wade v. Coiner,* 468 F.2d 1059, 1060 (4th Cir.1972). Moreover, due process does not mandate a factual basis inquiry by state courts. *See, e.g., Roddy v. Black,* 516 F.2d 1380, 1385 (6th Cir.), *cert. denied,* 423 U.S. 917, 96 S.Ct. 226, 46 L.Ed.2d 147 (1975); *Wade v. Coiner, supra,* 468 F.2d at 1060; *see also Willet v. Georgia,* 608 F.2d 538, 540 n. 1 (5th Cir. 1979); *Fambo v. Smith,* 433 F.Supp. 590, 593 n. 1 (W.D.N.Y.), *aff'd,* 565 F.2d 233 (2d Cir.1977). Further, it is Fed.R.Crim.P. 11, not due process, that requires federal courts to conduct a factual inquiry before accepting a guilty plea. *McCarthy v. United States,* 394 U.S. 459, 465, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418 (1969).

■ Unlike *United States ex rel. Dunn v. Casscles,* 494 F.2d 397 (2d Cir. 1974) in which defendant gave inconsistent responses to questions regarding commission of the crime charged, and *Suggs v. La Vallee,* 570 F.2d 1092 (2d Cir.), *cert. denied,* 439 U.S. 915, 99 S.Ct. 290, 58 L.Ed.2d 263 (1978), in which defendant was mentally incompetent at the time of giving his plea, the circumstances in the instant case indicate that a factual basis inquiry was not necessary to assure due process. First, appellant's plea of guilty was entered in open court, *Brady v. United States, supra,* 397 U.S. at 754, 90 S.Ct. at 1472, and he

denied that threats or promises other than the plea agreement were used to induce his plea. Second, appellant did not assert that he was not guilty until four years after he pleaded guilty, and only then, in a resentencing proceeding. Third, at the plea hearing, he consistently responded in the affirmative when asked whether he was offering his guilty plea voluntarily after discussion with his attorney and family. Fourth, the judge who accepted appellant's plea had himself conducted the trials involving the three co-defendants. Thus, he had knowledge of the underlying facts. Finally, appellant's plea resulted from the advice of counsel whose competence was upheld by both the state and federal courts. Clearly, a significant factor in determining whether a plea is intelligently and voluntarily entered is whether it was based on the advice of competent counsel. *Siegel v. State of New York, supra,* 691 F.2d at 626 n. 6.

Given these circumstances evidencing that due process was accorded to appellant, and the absence of aggravating factors such as those in *Suggs* and *Dunn* which warranted factual basis inquiries, the state trial judge's failure to question appellant about the factual basis for his plea did not constitute a due process violation. "Rather than mandating a specific catechism in determining voluntariness and intelligence, due process requires only that the courts provide safeguards sufficient to insure the defendant what is reasonably due in the circumstances." *Siegel v. State of New York, supra,* 691 F.2d at 626 n. 5 (quoting *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971)). Since we believe this was accomplished by the state trial judge herein, we affirm the decision of the district court.