949 F.2d 401
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Dean Joseph ODOM, Petitioner-Appellant,
v.
Edward L. EVANS, Warden, Attorney General, State of
Oklahoma, Respondents-Appellees.
 No. 91-6259.
 United States Court of Appeals, Tenth Circuit.
 Dec. 3, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Petitioner-appellant Dean J. Odom appeals from the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition and certificate of probable cause to appeal, see id. § 2253. Petitioner was convicted pursuant to guilty pleas of two counts of second degree murder, and he was sentenced to an indeterminate sentence of ten years to life as required by the Oklahoma statute then in effect. See Okla.Stat.Ann. tit. 21, § 701.4 (repealed in 1976). Petitioner contends that his due process rights have been violated because his state court guilty plea was not supported by a factual basis in the record.
 
 
 2
 Petitioner cites State ex rel. Young v. Warren, 536 P.2d 965 (Okla.Cr.1975) for the proposition that the state court violated his due process rights by accepting his guilty plea to second degree murder without establishing a factual basis for the plea. Yet courts generally are not required by the due process clause of the federal constitution to establish a factual basis for a guilty plea. See Sena v. Romero, 617 F.2d 579, 581 (10th Cir.1980). See also Smith v. McCotter, 786 F.2d 697 (5th Cir.1986); Rodriguez v. Ricketts, 777 F.2d 527 (9th Cir.1985); Willbright v. Smith, 745 F.2d 779 (2d Cir.1984). The due process clause may require an inquiry by the court in certain circumstances such as a situation in which a defendant protests innocence. See North Carolina v. Alford, 400 U.S. 25 (1970). Petitioner, however, has not alleged any such circumstances. He therefore has not raised a federal constitutional claim warranting relief under 28 U.S.C. § 2254.[1]
 
 
 3
 Petitioner has not made a substantial showing of the denial of an important federal right, nor has he demonstrated that his issues could be resolved differently or are debatable among jurists or deserving of further treatment by the court. See Barefoot v. Estelle, 463 U.S. 880 (1983). We therefore DENY the certificate of probable cause and DISMISS the appeal. See 28 U.S.C. § 2253.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Petitioner raised numerous arguments below, including a sixth amendment ineffective assistance of counsel claim. None of the arguments, including the ineffective assistance claim, raises any basis for relief under 28 U.S.C. § 2254