Cornelius STEPHENS, Petitioner,

v.

Peter J. LACY, Superintendent, Bare Hill Correctional Facility, Respondent.

No. CV 94–1272.

United States District Court, E.D. New York.

Jan. 30, 1996.

Cornelius Stephens, Wrightstown, New York, Pro Se.

William L. Murphy, Richmond County District Attorney by Elva Feliciano, Assistant District Attorney, Staten Island, New York, for respondent.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

### I.

Petitioner Cornelius Stephens brings the above-captioned petition for a writ of habeas corpus, following this Court's dismissal of his earlier petition by order dated January 19, 1993, familiarity with which is assumed. Pe-

titioner claims the following deprivations of his federal constitutional rights: (1) the trial court allowed petitioner to proceed *pro se* on a motion to dismiss the indictments and to enter plea negotiations without first advising him of his right to counsel and conducting a searching inquiry to assure that he understood the advantages and disadvantages of proceeding without assistance of counsel; (2) he was denied effective assistance of appellate counsel because appellate counsel failed to raise the preceding claim on direct appeal; and (3) his guilty plea was not entered voluntarily and intelligently because the trial court failed to apprise him of the essential elements of the crimes to which he pleaded guilty. The prior petition was dismissed as a "mixed" petition because petitioner never raised the claim challenging the validity of his guilty plea (*i.e.*, the third claim above) to the state courts, either on direct appeal (which was dismissed as abandoned) or in the motion to vacate his conviction pursuant to New York Criminal Procedure Law ("NYCPL") § 440.10 (which motion raised the first claim above and was denied). The dismissal order gave petitioner the choice to amend the petition within sixty days or to exhaust his unexhausted claim and then to refile a petition. Petitioner did not amend his petition. Instead, on February 12, 1993, petitioner brought another motion in Richmond County Supreme Court to vacate his conviction pursuant to NYCPL § 440.10, raising the same ground as raised in the earlier NYCPL § 440.10 motion (*i.e.*, the first claim above), but not raising his challenge to the validity of his guilty plea (*i.e.*, the third claim above). That motion was denied by order dated July 6, 1993, on procedural and substantive grounds. By order dated September 30, 1993, the Supreme Court, Appellate Division, Second Department, denied leave to appeal, and by order dated October 29, 1993, the New York Court of Appeals denied leave to appeal the Appellate Division's order. Petitioner then filed the present petition.

Respondent opposes the petition on the grounds that all of the claims are procedurally barred because petitioner abandoned his state appeal and fails to show "cause" and "prejudice" or a "fundamental miscarriage of justice" to overcome the procedural defaults. Alternatively, respondent argues that the claims are without merit.

## II.

Respondent concedes that it would be futile to require petitioner to attempt to raise his claim challenging the validity of his guilty plea in the state court because collateral review is unavailable for such a claim. *See* N.Y.Crim.Proc.Law § 440.10(2)(c). Accordingly, as respondent argues, this claim should be treated as procedurally defaulted. *See Washington v. James*, 996 F.2d 1442, 1447 (2d Cir.1993), *cert. denied*, — U.S. —, 114 S.Ct. 895, 127 L.Ed.2d 87 (1994). This Court also agrees with respondent that petitioner's first and second claims are procedurally defaulted. *See Harris v. Reed*, 489 U.S. 255, 261–63, 109 S.Ct. 1038, 1042–44, 103 L.Ed.2d 308 (1989); *Levine v. Commissioner of Correctional Servs.*, 44 F.3d 121, 126 (2d Cir. 1995). Accordingly, petitioner can only overcome the procedural defaults if he can show "cause" for the defaults and "prejudice" resulting therefrom or a "fundamental miscarriage of justice." *Washington*, 996 F.2d at 1447; *Levine*, 44 F.3d at 126.

The record demonstrates that petitioner appeared without counsel at arraignments on the indictments in February and March 1981, at which time pleas of not guilty were entered. He later appeared before the trial court on April 8, 1981, without counsel, on a *pro se* motion to dismiss the indictments for "failure of timely grand jury action" under New York law. The record indicates that his motion to dismiss the indictments was denied by the trial court at the April 8, 1981 proceeding. At that proceeding, upon denial of his motion, petitioner informed the court that he desired to work out a plea. The prosecutor then detailed a plea the state was willing to accept. Petitioner did not respond to the offer, but inquired as to what the court's sentence would be if he accepted the plea. After asking petitioner whether he had a prior felony conviction, the court stated that a "fingerprint record" of petitioner showed that petitioner pleaded guilty in 1975 to a class E felony and received a three year sentence. Petitioner acknowledged his pre-

vious conviction, and the court informed petitioner that if he pleaded guilty, he "must go to jail, that is the law," but that he would be given concurrent sentences. Petitioner requested an adjournment to consider the proposed plea, and the court granted the adjournment.

According to the record, counsel ultimately was appointed for petitioner on or about April 29, 1981. Thereafter, petitioner was represented by counsel at his plea on May 7, 1981 (and, apparently, at further plea negotiations, although it is unclear when further negotiations occurred), and at sentencing on October 9, 1981. However, there is no indication in the record that the trial court, at any time, advised petitioner of the advantages or disadvantages of proceeding without counsel or inquired whether his waiver of counsel (before counsel was appointed and appeared on or about April 29, 1981) was voluntarily and intelligently made.

■ Based on the record presented, this Court finds that, even assuming petitioner was denied his Sixth Amendment right to counsel (when he was permitted to appear in the absence of counsel without the necessary warnings and inquiry by the trial court antecedent to any waiver),[1] petitioner has not demonstrated that he suffered any actual prejudice under the circumstances, particularly considering that he was represented by counsel when he voluntarily and intelligently accepted the terms of the proposed plea and when he entered the plea (as discussed below). *See Grune v. Thoubboron,* No. 91 Civ. 3655, 1995 WL 130517, at *1–3 (S.D.N.Y.

Mar. 24, 1995). Petitioner does not claim, and there is no indication in the record, that he asserted or attempted to assert any rights that he may have lost or waived while proceeding in the absence of counsel or that he lost or waived any rights that he could have asserted through his appointed counsel had he chosen to defend the case rather than plead guilty. Because no prejudice is shown, petitioner can neither prevail on the merits of his first claim nor overcome the procedural bar to this claim. Based on his failure to establish prejudice, petitioner cannot prevail on the merits of his second claim nor overcome the procedural bar to that claim because he is unable to show that any failure of appellate counsel to raise the substance of the first claim on appeal caused him prejudice (even assuming that he could show cause for abandoning the direct appeal).[2] In addition, petitioner does not show that there has been a "fundamental miscarriage of justice" warranting excuse of the procedural defaults as to these claims.

■ As for the third claim, petitioner asserts that he did not enter his guilty plea voluntarily and intelligently because the trial court failed to apprise him of the essential elements of the crimes to which he pleaded guilty. The record shows that, as to each of the two indictments, Indictment No. 21/81 and Indictment No. 61/81,[3] petitioner pleaded guilty to attempted burglary in the second degree. The relevant portions of the transcript of the plea proceeding on May 7, 1981 indicates the following exchange:

[The Court: Indictment No. 21/81] accuses you of on or about the 11th day of Decem-

---

1. The Sixth Amendment right to counsel attaches "at or after the initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *Kirby v. Illinois,* 406 U.S. 682, 689, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411 (1972); *see also Michigan v. Jackson,* 475 U.S. 625, 629 & n. 3, 106 S.Ct. 1404, 1408 & n. 3, 89 L.Ed.2d 631 (1986); *United States v. Gouveia,* 467 U.S. 180, 187, 104 S.Ct. 2292, 2296–97, 81 L.Ed.2d 146 (1984). This Court looks to state law to determine when adversary judicial proceedings have been commenced. *See Meadows v. Kuhlmann,* 812 F.2d 72, 76 (2d Cir.), *cert. denied,* 482 U.S. 915, 107 S.Ct. 3188, 96 L.Ed.2d 676 (1987). In New York, the filing of the accusatory instrument commences a state criminal action. *See* N.Y.Crim.Proc.Law § 100.05 (McKinney 1992).

2. To establish a claim of ineffective assistance of appellate counsel, petitioner must demonstrate: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's error, the result in the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 687–96, 104 S.Ct. 2052, 2064–69, 80 L.Ed.2d 674 (1984). Prejudice is a component of this analysis.

3. Upon review, this Court discovered that the record did not include copies of the two indictments. At the Court's request, counsel for respondent provided the Court with copies of the indictments by letter to the Court dated January 17, 1996.

ber, 1980, that you attempted to enter and remain unlawfully in 76 Utter Avenue in the nighttime with intent to commit a crime of larceny. Did you attempt to do that, is that right?

[Petitioner:] Yes, sir.

.    .    .    .    .

The Court: As to [Indictment No. 61/81], ... on or about July 16th, 1980, you attempted to remain unlawfully in 62 Hillis Street in the County of Richmond with the intent to commit the crime of larceny; is that right?

[Petitioner:] Yes, sir.

[The Court:] Are you pleading guilty because you are guilty?

[Petitioner:] Yes, sir.

. . . .

Petitioner argues that his plea was not voluntarily and intelligently entered because the court did not establish the elements of the crime charged, in that it "ommited [sic] the essential elements of 'enters ... unlawfully' and 'night,'" as required for the crime of burglary in the second degree under former New York Penal Law § 140.25(2). Former § 140.25(2) required that the person "enters *or* remains unlawfully," it did not require that the person both enter *and* remain unlawfully, as petitioner suggests. However, the former statute did require that the entering or remaining occur at "night"; if the event occurred during the daytime, it was the crime of burglary in the third degree under New York Penal Law § 140.20.

Although petitioner apparently seeks to invalidate his plea to both indictments, it is clear that no such deficiency relates to his plea to Indictment No. 21/81, as these elements were referenced in the plea proceeding and were expressly charged in Indictment No. 21/81. However, there was no reference to "nighttime" in the plea proceeding concerning the charge in Indictment No. 61/81 to which petitioner pleaded guilty. Nevertheless, as discussed below, this alleged deficiency did not render the plea defective.

■ "It is settled law that a guilty plea accepted without an affirmative showing that it is intelligent and voluntary is a due process violation." *Willbright v. Smith,* 745 F.2d 779, 780 (2d Cir.1984). However, it is also settled law that "due process does not mandate a factual basis inquiry by state courts." *Id.* Such an inquiry is "merely one way of satisfying the constitutional requirement that a plea be voluntary and intelligent." *Id.* Consequently, the state court was not constitutionally required to inquire into the factual basis for the plea. A review of the record demonstrates that petitioner entered the guilty pleas voluntarily and intelligently, despite any asserted deficiency in the court's inquiry of the factual basis for the plea. Moreover, according to the record, petitioner was represented by counsel at the plea proceeding and, in open court, he repeatedly assured the court that he was pleading guilty of his own free will, that no force or promises, other than the court's promise as to sentencing, were used to induce his plea, and that he was fully aware of the rights he was forfeiting and the consequences thereof. The presence of counsel and petitioner's assurances in open court are particularly strong indications that the guilty pleas were entered voluntarily and intelligently. *See id.* at 780–81. Significantly, petitioner does not raise any challenge whatsoever to the assistance or competency of counsel representing him at the plea. Nor does he claim that counsel did not sufficiently advise him as to the crimes to which he agreed to plead guilty. Moreover, charge one of Indictment No. 61/81, to which petitioner pleaded guilty, expressly charged that the crime occurred "in the nighttime."

Because there is no merit to this claim, petitioner cannot establish prejudice sufficient to overcome the procedural bar to this claim. In addition, petitioner does not show that there has been a "fundamental miscarriage of justice" warranting excuse of the procedural default as to this claim.

### III.

For the above reasons, the petition is denied. The Clerk of the Court is directed to close the file in this matter.

SO ORDERED.