**Billy W. HILL, Plaintiff In Error,**

**v.**

**The STATE of Oklahoma, Defendant In Error.**

**No. A–14272.**

Court of Criminal Appeals of Oklahoma.

May 15, 1968.

John D. Harris, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge.

Billy W. Hill, hereinafter referred to as defendant, was charged by Information in the District Court of Tulsa County with the crime of Burglary in the Second Degree, After Former Conviction of a Felony. He entered a plea of not guilty and was released on bond; thereafter he waived his right to jury trial, withdrew his plea of not guilty and entered a plea of guilty and was by the court sentenced to serve a term of five years imprisonment in the State Penitentiary at McAlester, on October 19, 1966. Thereafter, on the 24th day of October, 1966, defendant filed a Motion for New Trial and the same was overruled and a timely appeal was perfected to this Court.

From the record before us it appears that the trial court had jurisdiction of the subject matter, of the person, and authority under law to pronounce the judgment and sentence imposed and that the defendant appeared in open court and with counsel freely and voluntarily withdrew his plea of not guilty previously entered, and entered a plea of guilty, waived time for rendition of judgment and sentence, whereupon he was sentenced by the court. Thereafter, on October 24, 1966, he filed a Motion for New Trial and the same was overruled. It does not appear that the defendant ever

sought to withdraw his plea of guilty entered and it is readily apparent that this appeal is frivolous since a defendant who freely and voluntarily enters a plea of guilty, with full knowledge of the nature and consequences of such plea, and who does not thereafter seek to withdraw such plea, preserves nothing for review by this Court on appeal, where the trial court had jurisdiction of the person, the subject matter, and authority under law to pronounce the judgment and sentence imposed. The judgment and sentence is accordingly affirmed.

NIX, P. J., and BRETT, J., concur.