**Clyde Julius RENFRO, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defend-
ant in Error.**

**No. A-15269.**

Court of Criminal Appeals of Oklahoma.

Sept. 24, 1969.

Thomas Dee Frasier, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

BUSSEY, Judge.

Clyde Julius Renfro, hereinafter referred to as defendant, was sentenced to a term of five years imprisonment in the state penitentiary on his plea of guilty to the crime of Robbery with Firearms, in the District Court of Ottawa County on the 29th day of October, 1968. The defendant gave notice of his intent to appeal to this Court and perfected the appeal within the time prescribed by law, but failed to file a Motion for New Trial and never sought to withdraw his plea of guilty.

From the record it appears that the trial court had jurisdiction of the person, subject matter and authority under law to pronounce the judgment and sentence imposed, and that the defendant knowingly and intelligently entered the plea of guilty with full knowledge of the nature and consequence of such plea after having previously advised with the attorney of his

own choice, who was present with him at the time of entry of said plea and thereafter at the rendition of the judgment and sentence upon said plea.

The appeal was perfected in this Court on the 28th day of April, 1968, and no briefs having been filed in support of the Petition in Error, this cause was summarily submitted on the 12th day of June, 1969. We are of the opinion that the decision rendered in Hill v. State, Okl.Cr., 441 P.2d 480, is controlling in the instant case. In Hill v. State, supra, in the body of the opinion, we stated:

"It does not appear that the defendant ever sought to withdraw his plea of guilty entered and it is readily apparent that this appeal is frivolous since a defendant who freely and voluntarily enters a plea of guilty, with full knowledge of the nature and consequences of such plea, and who does not thereafter seek to withdraw such plea, preserves nothing for review by this Court on appeal, where the trial court had jurisdiction of the person, the subject matter, and authority under law to pronounce the judgment and sentence imposed."

For all of the reasons above set forth, the judgment and sentence appealed from is affirmed.

BRETT, P. J., and NIX, J., concur.