Roy Edward **WILSON**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A-14672.

Court of Criminal Appeals of Oklahoma.

Oct. 22, 1969.

William Wayne Hood, Jr., Jay D. Dalton, Tulsa, Public Defender for Tulsa County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., S. M. Fallis, Dist. Atty., Ted Flanagan, Asst. Dist. Atty., for defendant in error.

BRETT, Presiding Judge:

Plaintiff in Error, Roy Edward Wilson, hereinafter referred to as defendant, was charged with robbery with firearms, tried, and convicted, and his punishment was fixed at fifteen (15) to forty-five (45) years, an indeterminate sentence, in the State Penitentiary at McAlester, Oklahoma, on the 27th day of November, 1967.

Defendant filed his motion for new trial which was overruled and exceptions allowed; punishment was fixed by the Court in accordance with the verdict previously rendered; and intention to appeal and request for casemade were made, both in writing, all in accordance with the Statutes of the State of Oklahoma regarding appeals.

This appeal was lodged in this Court from the judgment and sentence imposed by the District Court of Tulsa County, Oklahoma. In his brief, defendant offers two propositions of error concerning his conviction. Those assignments of error are:

1. That the Court erred in allowing into evidence certain questions propounded by the prosecutor concerning the defendant's extradition hearing which denied this defendant the right of silence.

2. Excessive punishment appearing to have been given under the influence of passion and prejudice.

The facts in this case, briefly stated, are as follows:

On the 3rd day of October, 1966, a robbery occurred at the Peacock Jewelry Store located in Tulsa County at the Northland Shopping Center. The manager of the store, a Mr. T. J. Westfall, testified that at approximately 12:00 Noon on the 3rd day of October, 1966, two colored youths walked in the front door of the store and proceeded to rob them of certain diamonds and other jewelry. Mr. Westfall testified that the defendant herein was wearing a hat and sunglasses. He further testified that the youths were brandishing automatic pistols. He testified that the robbery took place within a period of approximately four (4) or five (5) minutes and that, as they left, he obtained the license number of their vehicle. He subsequently identified the defendant herein from certain photographs which were presented to him by the police officers.

Another State's witness, a Mrs. Faye Salkil, testifed that she walked into Peacock Jewelry at the time the robbery was taking place and that she was also threatened by the two gunmen. She also identi-

fied the defendant as one of the two robbers.

In defense, the defendant voluntarily testified that he was in Kansas City, Missouri on October 3, 1966, which was the date of the alleged robbery. He further testified that he did not have a specific recollection as to what he was doing on that date in Kansas City. In cross-examination of this defendant, the defendant stated that there was an extradition hearing in Missouri and that he was extradited to the State of Oklahoma after said hearing.

With reference to defendant's first contention of error, we observe that the record reflects that on direct examination defense counsel inquired of the defendant and received the following answer:

"Q. (By Mr. Hood) Mr. Wilson, you have sat in the courtroom throughout the entire trial and heard the various witnesses testify. Have you ever seen any of them before this date?

A. No, except for one. I saw him in Missouri, in July, I believe."

■ The State's witness Westfall had testified that the defendant was one of the men who robbed the Peacock Jewelry Store; and that the first time he saw the defendant after the robbery was when he appeared at defendant's habeas corpus hearing in Kansas City. Defendant was attempting to prevent his extradition to Oklahoma, to face this charge. Mr. Westfall appeared as a witness at that hearing and identified the defendant, as being the robber. Under these circumstances, the trial court did not commit error when the State was permitted, on cross-examination of the defendant, to go into his whereabouts in Kansas City, on the date of this crime; nor was it error to inquire concerning his offering no proof whatsoever to in support of his petition for issuance of the writ of habeas corpus. When the defense counsel inquired of defendant concerning his seeing Mr. Westfall in Missouri; he opened the door for the State to make further inquiry, concerning the occasion on cross-examination.

■ In his brief, defendant attempts to compare his situation with one wherein a defendant is required to testify against himself, in violation of the Oklahoma State Constitution, and the United States Constitutional guarantees against "self-incrimination." We do not accept this comparison for the reason that when the defendant voluntarily takes the witness stand, in his own defense, he occupies the same position of any other witness. In that position, cross-examination is permitted on those aspects entered into on direct examination. This Court provided in Gable v. State, Okl. Cr., 424 P.2d 433 (1967):

"Defendant in criminal prosecution is subject to cross-examination the same as any other witness." See also: Watson v. State, Okl.Cr., 382 P.2d 449, (1963).

■ With reference to defendant's second proposition, we observe that the maximum punishment for the crime of Armed Robbery is death; and that defendant's punishment is well within the statutory limits provided for this crime. Therefore, we do not accept defendant's contention that the punishment in this case is excessive. Nor do we find the passion and prejudice alluded to in defendant's brief.

Therefore, having reviewed the record and the briefs filed in this appeal, we are of the opinion the defendant in this case received a fair trial according to due process of law; and we find no reason to have been shown why the judgment and sentence imposed herein should be disturbed.

It is therefore the order of this court that the judgment and sentence imposed in this case from the District Court of Tulsa County Oklahoma, number 22,827, shall be affirmed. Judgment and sentence affirmed.

BUSSEY and NIX, JJ., concur.