Myirs Raymond **SHIRLEY**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–14917.

Court of Criminal Appeals of Oklahoma.

March 25, 1970.

Homer Thompson, Asst. Public Defender, Oklahoma County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Dale F. Crowder, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

Myirs Raymond Shirley, hereinafter referred to as the defendant, was charged in the District Court of Oklahoma County with the crime of Attempted Robbery with a Dangerous Weapon. He was tried by a jury, found guilty, and his sentence fixed at Thirty Years in the penitentiary. From that judgment and sentence he has appealed to this Court.

From the record, it appears that the defendant—along with one Jerry Lee Lang—went into a grocery store operated by Ross B. Norwood, Jr., at 631 North Nebraska, Oklahoma City, Oklahoma; and attempted to rob the owner. Defendant hit Mr. Norwood over the head with a tire tool repeatedly, causing considerable injury; but Mr. Norwood testified he was able to get out the front door. He testified further that he had a pistol with him and so he went back

into the store. That he was about half conscious and shot at the defendant two or three times, but did not shoot the other man. He then called the police, but the defendant got out a back window. Mr. Norwood further testified that he was subsequently treated at the hospital, where he required twenty-eight stitches in his head.

Defendant was also identified by one Bruce Jackson, who was working in the store with his cousin at the time of the robbery.

Defendant took the stand in his own behalf, and testified that he woke up in the recovery room at the hospital, and did not know how he was shot, and that he didn't remember anything about the robbery.

Defendant's first contention of error is 'Appellate Consideration of Evidence.' This Court has carefully reviewed the evidence, and find it more than sufficient to support the verdict of the jury. The general rule as to the jury's province in weighing the evidence comes within the following language from the second syllabus of Williams v. State, Okl.Cr., 373 P.2d 91:

"Where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts."

Defendant's second allegation is that the sentence is excessive. After a careful review of the evidence presented, and consideration of the attack on the person of Mr. Norwood, this Court is of the opinion that the sentence is not excessive, and could have been much greater.

The judgment and sentence is affirmed.

BRETT, P. J., and BUSSEY, J., concur.