**Gene STARR, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15961.**

Court of Criminal Appeals of Oklahoma.

Nov. 25, 1970.

As Corrected Nov. 30, 1970.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh Collum, Asst. Atty. Gen., for defendant in error.

MEMORANDUM OPINION

BRETT, Presiding Judge:

Plaintiff in error, Gene Starr, hereinafter referred to as the defendant, entered a plea of guilty in the District Court of Oklahoma County, to the charge of Armed Robbery After a Former Conviction of a Felony. After entering the guilty plea, the court assessed defendant's punishment at 25 years under the direction and control of the Oklahoma State Department of Corrections. From that conviction, on a plea of guilty, defendant has filed this appeal.

On January 16, 1970, defendant robbed two persons by using a caliber .22 rifle. On March 18, 1970, the defendant was represented by the Public Defender's Office, when he entered a plea of guilty to the charge. Prior to accepting defendant's plea of guilty, the record shows that the trial court properly explained defendant's constitutional rights and interrogated him concerning the facts alleged in the information. After defendant answered the questions presented by the trial court, the court accepted his plea of guilty and thereafter, sentenced defendant to serve 25 years in the Oklahoma State Penitentiary.

Defendant's appeal was lodged in this Court on March 25, 1970 by the Oklahoma County Public Defender's Office. The records with the appeal reflect that defendant at no time requested that his plea of guilty be withdrawn prior to being transported to the State Penitentiary.

Defendant's brief acknowledges that the proceedings, at which defendant entered his plea, comply with the rules laid down by this Court in Copenhaver v. State, Okl. Cr., 431 P.2d 669 [1967], insofar as defendant did not request that his plea of guilty be withdrawn, and does not contend that his plea was entered by inadvertency, error or mistake. The rules set down in Seibert v. State, Okl.Cr., 457 P.2d 790 [1969] is also seen as applicable. In that case this Court stated the following:

"Defendant who freely and voluntarily enters a plea of guilty with full knowledge of the nature and consequences thereof, and who does not thereafter seek to withdraw such plea, he preserves nothing for review on appeal."

See also, Renfro v. State, Okl.Cr., 464 P.2d 770 [1969]; Hill v. State, Okl.Cr., 441 P.2d 480 [1968].

This Court stated also in Smith v. State, Okl.Cr., 462 P.2d 289 [1969]:

"Where an appeal is taken by an accused from a judgment entered upon a plea of guilty, the appeal will ordinarily present only such questions as go to the free and voluntary character of the plea, or that

accused was not of competent intelligence, or was not advised of his legal rights and of the nature and consequences of his plea, or as to the sufficiency of the indictment or information to confer jurisdiction, or the legality of the sentence."

See also Minister v. State, Okl.Cr., 453 P.2d 323 [1969] and Sandersfield v. State, Okl.Cr., 445 P.2d 422 [1969].

 There is nothing in the record before this Court to show that defendant's plea of guilty was other than freely entered; nor is there anything in the record to show that the plea was not competently and intelligently entered; that defendant was not advised of his legal rights and the nature and consequences of his guilty plea. We must therefore conclude that defendant's plea was freely and voluntarily entered into, and there is no reason for this appeal to be vacated or defendant's conviction set aside.

 Defendant has on numerous occasions written to this Court concerning appeal bond pending his appeal from the conviction on a plea of guilty. We observe that defendant's plea was entered on March 18, 1970, and that the present Rules of this Court became effective on July 1, 1970. Notwithstanding the fact that defendant's plea was entered prior to the effective date of the present court rules, we find that defendant has offered no good reason why he should be granted bail pending the outcome of this appeal; therefore, we will stand by the statement of Rule 3.10 in the present Rules of this Court which states in substance that the Court of Criminal Appeals will determine whether or not a defendant who enters a plea of guilty and appeals shall be entitled to bail pending his appeal; and defendant shall not assert, as a matter of right, that he is entitled to bail during the pendency of his appeal on a plea of guilty.

Therefore, after considering the matter before the Court concerning the appeal of Gene Starr, we are of the opinion that the judgment and sentence of the District

Court of Oklahoma County, Oklahoma, should be and the same is therefore, AFFIRMED. GENE STARR was convicted of the crime of Armed Robbery After a Former Conviction of a Felony, was sentenced to serve 25 years in the state penitentiary, and appeals from a plea of guilty.

Judgment and sentence affirmed.