The STATE of Oklahoma, Appellant,

v.

Ernest Timothy HANNA, Appellee.

No. O–75–303.

Court of Criminal Appeals of Oklahoma.

Sept. 19, 1975.

Preston A. Trimble, Dist. Atty., Lynn C. Rogers, Asst. Dist. Atty., for appellant.

Robert A. Flagler, Norman, for appellee.

## OPINION

PER CURIAM:

On March 20, 1975, Ernest Timothy Hanna, hereinafter referred to as defendant, was charged in the District Court, Cleveland County, Case No. CRF–74–386, for the offense of Murder in the First Degree, in violation of 21 O.S.Supp.1974, § 701.1. Thereafter, on April 14 and 15, 1975, a preliminary hearing was conducted and the defendant was bound over for trial by the examining magistrate. On May 9, 1975, the defendant filed a Motion to Quash the Information based on insufficiency of the evidence at the preliminary hearing. On May 21, 1975, the Honorable Elvin J. Brown, District Judge, Cleveland County, sustained the defendant's Motion to Quash the Information, without prejudice to prosecution for Murder in the Second Degree. Under the provisions of 22 O.S.1971, § 1053, the State has appealed.

Briefly stated, the evidence presented at the preliminary hearing revealed that there was reasonable cause to believe that the defendant, with a premeditated design, effected the death of one Mary Louise Wofford while engaged in committing the crime of armed robbery by means of strangulation and beating; that the defendant accomplished the armed robbery and murder with the use of an electric iron and electrical cord and heavy boots. ·

The pertinent part of 21 O.S.Supp.1974, § 701.1 reads as follows:

"Homicide, when perpetrated without authority of law and with a premeditated design to effect the death of the person killed, or of any other human being, is murder in the first degree in the following cases:

\* \* \* \* \* \*

2. When perpetrated by one committing or attempting to commit rape, kidnapping for the purpose of extortion, arson in the first degree, armed robbery . . ."

Judge Brown ruled, in his Order to Quash the First Degree Murder Information, that armed robbery could not be accomplished with such items as an electric clothes iron and cord or boots (the items used in this case), but could only be accomplished with a weapon which is dangerous, per se, such as a gun or knife.

◼ Although the State of Oklahoma does not have a statutory definition of "armed robbery," this Court has used the term "armed robbery" synonymously with the offense of robbery with firearms or dangerous weapons (21 O.S.1971, § 801). See, *Stanford v. State,* Okl.Cr., 450 P.2d 234 (1969); *Wilson v. State,* Okl.Cr., 461 P.2d 980 (1969); *Starr v. State,* Okl.Cr., 478 P.2d 1003 (1970); and, *Harris v. State,* Okl.Cr., 523 P.2d 1140 (1974). Other jurisdictions have held that "armed robbery" is robbing with a dangerous weapon. See, *Williams v. Mayo,* 126 Fla. 871, 172 So. 86 (1937) and *Carter v. State,* 27 Wis. 2d 451, 134 N.W.2d 444 (1965). Also, robbery by striking or by beating, or by other violence of the person, is "armed robbery." See, *State v. Boles,* 148 W.Va. 752, 137 S. E.2d 240 (1964).

This Court has held that the dangerous weapon referred to in 21 O.S.1971, § 801, and in our statute prohibiting assault with a dangerous weapon does not have to be a dangerous weapon, per se, but the manner of use of the instrument may be the controlling factor in determining whether it is

a "dangerous weapon." See, *Smith v. State,* 69 Okl.Cr. 17, 99 P.2d 527 (1940) [iron pipe]; *Tipler v. State,* 78 Okl.Cr. 85, 143 P.2d 829 (1943) [a leather strap]; *Hay v. State,* Okl.Cr., 447 P.2d 447 (1968) [a pair of shoes]; *Davis v. State,* Okl.Cr., 451 P.2d 974 (1969) [a coke bottle and fist]; *Shirley v. State,* Okl.Cr., 467 P.2d 517 (1970) [a tire tool]; and, *Quarrels v. State,* Okl.Cr., 502 P.2d 1293 (1972) [a tire iron]. Other jurisdictions also have followed this reasoning: a shod foot is a dangerous weapon within the meaning of the State of California's First Degree Robbery statute. See, *People v. Wood,* 192 Cal.App.2d 393, 13 Cal.Rptr. 339 (1961); a microphone cord in *Bennett v. State,* 237 Md. 212, 205 A.2d 393 (1964); and a pillow in *People v. Helms,* 242 Cal.App.2d 476, 51 Cal.Rptr. 484 (1966).

◼ It is therefore our opinion that Judge Brown's Order to Quash the First Degree Information in the instant case was in error. Judge Brown's Order quashing the first degree murder information clearly puts that case at an end. See, *State v. Edmondson,* Okl.Cr., 536 P.2d 386; however, this does not preclude the State from further prosecution of this defendant for the same offense.

The record affirmatively establishes that after Judge Brown's ruling, the State filed an amended information charging the offense of murder in the second degree. In conformance with our recent holding in *State ex rel. Young v. Warren,* Okl.Cr., 536 P.2d 965 (1975), we are of the opinion that the State's action in filing an amended information charging murder in the second degree also was erroneous, and the trial court is directed to enter an Order dismissing said information without prejudice to the State's filing a preliminary information, if it elects to do so.

Our ruling today should not be construed as an expression of the defendant's guilt, or innocence, in the event Murder in the First Degree is refiled, for that is clearly the province of the jury to weigh and determine, based upon all of the evidence

presented. Nor should our ruling be construed as restricting the trial court in instructing the jury if a charge for Murder in the First Degree is refiled, the defendant bound over, the trial held thereon, as to any other included offense which is properly raised by the evidence on the part of the State or the defendant, so long as the trial court complies with the provisions of 21 O.S.Supp.1974, § 701.3.

For all of the above and foregoing reasons, the Order Sustaining Motion to Quash is *Reversed.*