**Lloyd Paul WILSON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–80–400.**

Court of Criminal Appeals of Oklahoma.

Dec. 7, 1981.

Charles S. Rogers, Deputy Appellate Public Defender, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Chief, Criminal Division, Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

Lloyd Paul Wilson was convicted in Ottawa County of Robbery with a Dangerous Weapon, After Former Conviction of a Felony and received a sentence of ten (10) years' imprisonment.

On September 3, 1979, Lloyd and Joseph Wilson drove to Allen Ward's residence. Ward joined the two in the car and they drove around the vicinity of Commerce. Appellant, the driver of the car, stopped about one-half mile out of town in order to urinate. When he returned to the driver's seat of the car the two passengers were still outside the car on the opposite side. Joseph Wilson grabbed Ward from behind, held a sharp object at Ward's throat and took several wallets, watches and other personal belongings from Ward. Joseph Wilson got back in the car and appellant drove away.

■ Appellant first contends that the evidence presented at trial was insufficient to support the verdict. He specifically argues that the dangerous weapon used, a six-inch bladed folding knife described in the information, was not introduced at trial. Ward testified at trial that Joseph Wilson held a knife at his throat. Although Ward did not testify that he saw the knife, he did feel it and cut his thumb on it. The information charged the use of a dangerous weapon. In *State v. Hanna*, 540 P.2d 1190 (Okl.Cr.1975), this Court ruled that violation of 21 O.S. 1971, § 801, does not require the use of a dangerous weapon, per se, but that the way in which an instrument is used is the controlling factor in determining whether it is a dangerous weapon. In this case Ward testified that a sharp object was held at his throat and that Joseph Wilson threatened to cut his head off. There was competent evidence from which the jury could conclude that a dangerous weapon was used. *Karlin v. State*, 540 P.2d 1181 (Okl.Cr.1975).

■ Appellant next contends that the trial court erred in not instructing the jury on the lesser included offense of Robbery with a Dangerous Weapon. Defense counsel did not object to the court's instructions and, therefore, it has not been preserved for appeal. *Massengale v. State*, 556 P.2d 282 (Okl.Cr.1976). Even if the defendant had submitted an instruction on lesser included offenses, there was no evidence to support the giving of such an instruction. *Gist v. State*, 509 P.2d 149 (Okl.Cr.1973). We find appellant's proposition without merit.

■ He next argues that the trial court erred in not returning the jury for further deliberations during the second stage of the trial. The defendant stipulated to his prior conviction and the jury retired to determine the sentence. When the jury returned to the courtroom, the number of years' imprisonment had not been completed on the verdict form. A dialogue between the trial judge and the jury foreman established that the jury intended to sentence Wilson to a term of ten (10) years' imprisonment. The judge allowed the foreman to complete the verdict form in open court. The jury was then polled. Each of the jurors affirmed that a ten-year sentence was his verdict. The appellant maintains that the responses given by some of the jurors during the poll indicated confusion.

The jurors' responses, however, show that they did understand the instructions. Furthermore, the instructions required that a minimum sentence of ten years' imprisonment be imposed if the jury found appellant guilty of the former conviction. *See Tabor v. State*, 582 P.2d 1323 (Okl.Cr.1978). In *Jones v. State*, 610 P.2d 818 (Okl.Cr.1980), we held that the verdict was proper even though the foreman filled out the verdict

form in open court because a poll of the jury established that the verdict was unanimous. The court having conducted a poll which established the unanimity of the ten-year sentence, we find this assertion without merit.

Further argued as error was the trial court's failure to instruct the jury that they must be unanimous in their finding of either force or fear, and in their determination that the property was taken from the victim's person or immediate presence. The appellant made no objection to the court's instructions and so error, if any, has not been preserved for appeal. *Massengale v. State, supra.* Even if the error had been preserved for review, the instruction substantially complies with the language of the statute. *Blozy v. State*, 557 P.2d 451 (Okl. Cr.1976).

For the purpose of defining robbery in the statute, "force" and "fear" are interrelated. Both accomplish the same end, which is the wrongful acquisition by the defendant of the victim's property. "Force" describes the overt actions taken by the defendant. "Fear" describes the state of mind of the victim. Hence, the two terms are merely the expression of the same element of the crime viewed from the differing perspectives of the defendant and victim. A finding of either force or fear by the jurors is deemed unanimous because either reflects the required coercive element of the crime. *Compare, United States v. Gipson*, 553 F.2d 453 (5th Cir. 1977). Additionally, in *Austin v. State*, 419 P.2d 569 (Okl.Cr.1966), we held that "an indictment or information charging a taking from the 'person' may be supported by proof of a taking from the 'presence,' since such proof does not constitute a fatal variance." The appellant's argument thus fails.

Lastly, Mr. Wilson alleges the trial court improperly permitted defense counsel to stipulate to the defendant's prior convictions. During the first stage of the trial, the appellant testified that he had been previously convicted of a felony. In *Reed v. State*, 580 P.2d 159 (Okl.Cr.1978), this Court held that when a defendant under oath confesses prior convictions, there is no need for the jury to determine if the defendant had a prior conviction. Therefore, defense counsel's stipulation in this case did not change any burden of proof by the State.

The conviction is therefore AFFIRMED.

BRETT, P. J., and BUSSEY, J., concur.