Larry Glenn **MOORE**, Appellant,

v.

**STATE of Oklahoma, Appellee.**

No. F–84–54.

Court of Criminal Appeals of Oklahoma.

Feb. 19, 1986.

---

Mark Barrett, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Larry Glenn Moore was convicted in Oklahoma County District Court of Shooting with Intent to Kill, After Former Conviction of a Felony. Punishment was assessed at twenty-five years' imprisonment, as recommended by the jury.

On March 31, 1983, appellant walked into the Corner Bar, leveled a shotgun at Wayne White and critically injured White by shooting him in the lower abdomen. The provocation for the shooting was not disclosed. However, there was evidence that appellant had come into the bar about thirty minutes prior to the assault. Appellant spoke with White, asking him if he was made at appellant. White testified that after being asked this for the third time, and him giving a negative response each time, that he broke a beer bottle on the table and told appellant to either get on him or to get away from him. White be-

lieved appellant was trying to pick a fight. White also claimed that none of the broken bottle was in his hand as he spoke to appellant. Appellant left the bar. He returned twenty-five or thirty minutes later and shot White without saying a word.

Appellant claims he was unduly prejudiced at trial by comments made by the trial judge to his attorney, and by the introduction into evidence of several photographs depicting the bloody barroom floor where White had been shot.

. A review of the record of instances in which appellant claims that the trial judge criticized his counsel unfairly before the jury, and thus indicating to the jury a favoritism for the prosecution, were twice instances where his counsel infused his own commentary on the evidence and several instances involving the eliciting of hearsay testimony from a witness. To pass upon questions of law and the admissibility of evidence are tasks properly within the trial court's responsibility. *Puckett v. State*, 363 P.2d 953 (Okl.Cr.1961). While we have long held the position that a trial judge should reserve personal criticism of counsel until out of the jury's presence, not every ruling on evidence and admonition to counsel will be held to violate this principle. *Nauni v. State*, 670 P.2d 126 (Okl.Cr.1983); *Gamble v. State*, 576 P.2d 1184 (Okl.Cr. 1978). The reproofs of the trial judge in this case were legitimate corrections of counsel, including the prosecution, and came after continued improper commentary by counsel and repeated elicitation of hearsay testimony. In a similar situation in *Soap v. State*, 562 P.2d 889 (Okl.Cr.1977), we held the reprimand of counsel in the presence of the jury was warranted. A review of the record demonstrates to us the rulings were made in an honest effort to achieve a fair and impartial trial for both parties and to expedite the trial, and did not prejudice appellant in light of the overwhelming evidence of guilt. *Nauni*, supra; *Lambert v. State*, 471 P.2d 935 (Okl.Cr. 1970).

 The photographs appellant complains prejudiced him at trial were pictures of the barroom where White had been shot. There was still blood on the floor when the photographs were taken. We find that the trial judge did not abuse his discretion in admitting the pictures. *Glidewell v. State*, 626 P.2d 1351 (Okl.Cr.1981). The photographs were relevant in aiding the jury to reconstruct the crime scene as described by the witnesses, and were not so gruesome as to outweigh their probative value. *Dutton v. State*, 674 P.2d 1134 (Okl.Cr.1984). This assignment is without merit.

 He complains of several comments which were made by the prosecutor during arguments in the punishment stage of his trial. However, the record reflects that defense counsel failed to object to any of the comments, and that he did not request the jury be admonished to disregard the statements. Lacking fundamental error, appellant has waived any error in this regard. *E.g., Langdell v. State*, 657 P.2d 162 (Okl.Cr.1982). "A defendant cannot expect silence in the face of trial error to support the reversal of his conviction on appeal." *Id.* at 163 (quoting *Myers v. State*, 623 P.2d 1035, 1036 (Okl.Cr.1981)). We do not find the prosecutor's statements that appellant should be warehoused for a great number of years to protect citizens of Oklahoma County to have been grossly improper and verdict determining. *Chaney v. State*, 612 P.2d 269 (Okl.Cr.1980). The prosecutor did resort to one excursion outside of the evidence, that is by commenting that appellant's prior arson conviction involved a person within the structure which appellant burned. In light of the overwhelming evidence of appellant's guilt in the present case, it is unlikely this comment affected the outcome. *See Pannell v. State*, 640 P.2d 568 (Okl.Cr.1982).

 As appellant's final assignment of error he asserts he was denied due process of law by the stipulation of his trial counsel that appellant had a certain prior conviction. He claims that since the record does not state he personally agreed to the stipulation after an explanation of his rights, he essentially pled guilty without a knowing

and intelligent waiver of those rights. Appellant cannot claim that he did not know his attorney was going to stipulate to his prior conviction as the record reflects his presence during an in camera discussion of the stipulation and its delivery to the trial judge with placement in the record. The prosecution herein, though not necessary, entered a certified copy of the judgment and sentence of the prior conviction into the record. This, without contradictory evidence, was adequate proof of the conviction. *Tucker v. State*, 620 P.2d 1314 (Okl. Cr.1980). This assignment lacks merit.

Finding no error warranting reversal or modification, judgment and sentence is **AFFIRMED.**