**Raymond SCOTT, Jr., Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F-84-696.**

Court of Criminal Appeals of Oklahoma.

March 7, 1988.

Rehearing Denied April 14, 1988.

David Autry, Asst. Appellate Public Defender, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Linda L. Gray, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

Raymond Scott, Jr., appellant, was tried by jury for the crime of Second Degree Murder, After Former Conviction of Two Felonies in Case No. CRF–83–439 in the District Court of Tulsa County. Appellant was represented by counsel. The jury returned a verdict of guilty of the lessor-included offense of First Degree Manslaughter and set punishment at eighty (80) years' imprisonment. The trial court sentenced appellant in accordance with the jury's verdict. From this Judgment and Sentence, appellant appeals to this Court.

We find it unnecessary to outline the facts of this case and therefore, only the facts that are pertinent to each assignment of error will be included.

In the first assignment of error, appellant asserts that the prosecutor systematically excluded people from the jury that were of the Negro race. Appellant, a black, states that the only three black veniremen on the petit jury were peremptorily excused by the prosecutor. Appellant asserts that the prosecutor excused the jurors for no cause, other than their being black.

A review of the voir dire reflects that after the jury had been impaneled, counsel for the defense made an objection to the prosecutor's exclusion of the black veniremen. The trial court overruled the objection.

In *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the United States Supreme Court held that the systematic exclusion of minority members of a jury is improper. The Court set forth a procedure to determine whether the prosecutor had purposefully discriminated. The Court stated further:

> Once the defendant makes a prima facie showing, the burden shifts to the State to come forward with a neutral explanation for challenging black jurors....

*Batson*, 476 U.S. at 97, 106 S.Ct. at 1723.

■ The record in the case at bar reflects that the prosecutor did present a neutral explanation for the challenge of the black jurors. The first black juror was excused because he was serving a two-year deferred sentence for drug possession. The second black juror was excused because she was a minister. The final black juror was excused because the prosecutor felt the juror did not appear "extremely intelligent." The record reveals that this opinion was shared by the trial judge. We find these to be neutral reasons for challenging jurors and therefore, not in violation of *Batson*.

■ In his next assignment of error, appellant contends that the trial court erred by refusing to permit the defense to devel-

op evidence of appellant's state of mind at the time of the shooting. On redirect examination, a defense witness was asked whether he was aware that appellant had been shot before. The prosecutor objected, stating that the question and answer was irrelevant. The trial court sustained the prosecutor's objection and defense counsel entered an offer of proof that appellant had been shot twice before and the witness would have so testified.

■ The final decision of admissibility of evidence is left within the sound discretion of the trial court, and absent a clear showing of abuse and resulting prejudice, this Court will not interfere with the trial court's ruling. *Klinekole v. State*, 705 P.2d 179 (Okl.Cr.1985). After a review of the record, we agree with the trial court that the simple fact that appellant had been shot before is irrelevant. Had the offer of proof provided when, where or by whom appellant had been shot, such evidence might have been relevant. Therefore, we find this assignment to be without merit.

■ In the third assignment of error, appellant contends that the trial court erred by instructing the jury on the issue of flight. It is well established that jury instructions are solely within the trial court's discretion and when considered as a whole, will not be interfered with if they fairly and accurately state the applicable law. *Allison v. State*, 675 P.2d 142 (Okl. Cr.1983). The record reveals that the instruction complained of was in conformity with OUJI–CR 806, which this Court has approved. *See* 12 O.S.1981 § 577.2. We also find evidence in the record to support such an instruction. *Dennis v. State*, 556 P.2d 617, 621 (Okl.Cr.1976). We note that appellant has cited authority from other jurisdictions which have eliminated flight instructions. We find such authority neither persuasive nor controlling. This assignment is without merit.

■ In the fourth assignment of error, appellant contends that the trial court erred by allowing into evidence a stipulation as to appellant's prior convictions. Specifically, appellant claims that since the record does not state he personally agreed to the stipulation after an explanation of his rights, he essentially pled guilty without a knowing and intelligent waiver of those rights.

We find *Moore v. State*, 714 P.2d 599, 601 (Okl.Cr.1986) to be dispositive of this issue. In *Moore*, this Court stated that an appellant cannot claim he did not know his attorney was going to stipulate to his prior convictions when the record reflects appellant's presence in the courtroom during the stipulation's delivery to the trial judge and its placement in the record. This assignment of error is without merit.

■ In his next assignment of error, appellant complains that numerous comments made by the prosecutor deprived him of a fair trial. We have reviewed each comment cited and find that the combined effect of these comments warrant a modification of appellant's sentence.

We are particularly troubled by the prosecutor's statement during closing argument, in which, after vouching for the credibility of his witnesses, he stated, "[w]e have got a fabricated story here. You have got the appellant making up a story that is convenient and lying and doing the best he can to make it sound good for him so he would not get in trouble."

■ This Court tolerates and in fact encourages a reasonable exercise of freedom of speech and a wide range of argumentation during closing argument. The freedom of speech and the range of argumentation contemplated, however, extend only to the evidence presented at trial and to reasonable inferences drawn therefrom. *Hartsfield v. State*, 722 P.2d 717 (Okl.Cr. 1986). *See also, Cobbs v. State*, 629 P.2d 368, 369 (Okl.Cr.1981). While we do not feel the comments affected the verdict, we do feel they affected the punishment, and therefore, we modify appellant's sentence to forty (40) years.

In the final assignment of error, appellant complains that the punishment imposed by the trial court was excessive. While the sentence was within the range provided by statute, we find this assign-

ment moot, since appellant's sentence has been modified.

For the foregoing reasons, the Judgment and Sentence is AFFIRMED as MODIFIED to forty (40) years.

BUSSEY and PARKS, JJ., concur.